T.C. Memo. 1998-314


UNITED STATES TAX COURT


JEFFREY C. AND KELLY O. STONE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3812-97.                    Filed August 31, 1998.


Jeffrey C. and Kelly O. Stone, pro se.

<u>Joan S. Dennett</u>, for respondent.


MEMORANDUM OPINION

COLVIN, <u>Judge</u>:  This matter is before the Court on petitioners' motion for summary judgment.  For reasons stated below, we deny petitioners' motion.

Respondent determined a deficiency in petitioners' Federal income tax for 1994 of $10,959 and an accuracy-related penalty for negligence under section 6662(a) in the amount of $2,192.

Neither party requested a hearing, and we conclude that none is necessary to decide petitioners' motion.

Petitioners' motion for summary judgment raises the following issues:

1.    Whether the sharing of tax return information between respondent and the State of Montana violated section 6103(d) or the Privacy Act of 1974, 5 U.S.C. sec. 552a (1994).  We hold that it did not.

2.    Whether the notice of deficiency issued to petitioners is invalid because respondent either (a) did not make notice and demand for tax under section 6303, or (b) did not sign it in pen and ink.  We hold that these circumstances do not invalidate the notice of deficiency.

References to Mr. Stone are to petitioner Jeffrey Stone. References to Mrs. Stone are to petitioner Kelly Stone.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

A.    Petitioners

Petitioners are married and lived in Belgrade, Montana, when they filed their petition.

Petitioners own and operate Stone's Appliance Repair, an appliance repair business in Belgrade. Mr. Stone does the repairs. Mrs. Stone is the office manager and bookkeeper. She kept the books and performed other office duties from petitioners' home until late 1994, when petitioners hired a secretary.

B.   Montana's Audit of Petitioners

Petitioners were clients of James Otis & Co. (Otis), a tax consulting firm based in San Mateo, California. Otis retained Cody & Co. to prepare some of its clients' tax returns, including petitioners' returns. Cody & Co. prepared petitioners' 1994 Federal and State returns. The Internal Revenue Service (IRS) and the Montana Department of Revenue (Department of Revenue) had audited returns prepared by Cody & Co. A joint IRS/Department of Revenue project identified Federal and State income tax returns that had been prepared by Cody & Co. for possible audit. As a result of the joint project, in 1994, the Department of Revenue audited the deductions petitioners claimed on the schedule C attached to their State income tax return. The Department of Revenue gave petitioners' audit results to respondent pursuant to the Implementation Agreement on Coordination of Tax Administration Between the Montana Department of Revenue and the IRS (Implementation Agreement).

C.   Notice of Deficiency

On January 29, 1997, respondent sent a notice of deficiency to petitioners in which respondent determined a deficiency and stated:

> We have received information from the State of Montana Department of Revenue regarding an examination of your 1994 state income tax return.  In conjunction with a joint Federal/State tax agreement between the State of Montana and the Internal Revenue Service, we have received a copy of the State Department of Revenue audit report.  We will proceed with our examination based on the same information you have provided to the State of Montana Department of Revenue.

On July 6, 1998, petitioners filed a motion for summary judgment.  On July 21, 1998, respondent filed an objection to petitioners' summary judgment motion.

## Discussion

Petitioners contend that we should grant their motion for summary judgment because the sharing of their tax return information between respondent and the Department of Revenue violated section 6103(d) and the Privacy Act, respondent made no notice of demand, and the notice of deficiency lacked an original signature in pen and ink.

A.   Whether the Information Sharing Agreement Between Respondent and the Montana Department of Revenue Violated Section 6103 or the Privacy Act

1.   Section 6103

Petitioners argue that respondent violated section 6103 and the Privacy Act, 5 U.S.C. sec. 552a(b) (1994), by unlawfully disclosing information about their taxes to the Department of

Revenue. Petitioners point out that they were first notified by a January 26, 1996, letter from James Moody, Revenue Agent, Income Tax Division, Montana Department of Revenue, that their file had been referred for audit to the Department of Revenue in conjunction with a joint project between the Department of Revenue and respondent. Petitioners further contend that the Department of Revenue did not make a written request to respondent to disclose petitioners' return information and that this violates section 6103(d).[1]

---

[1] Sec. 6103(a) and (d) provides as follows:

SEC. 6103. CONFIDENTIALITY AND DISCLOSURE OF RETURNS AND RETURN INFORMATION.

(a) General Rule.--Returns and return information shall be confidential, and except as authorized by this title--

(1) no officer or employee of the United States,

(2) no officer or employee of any State, any local child support enforcement agency, or any local agency administering a program listed in subsection (1)(7)(D) who has or had access to returns or return information under this section, and

(3) no other person (or officer or employee thereof) who has or had access to returns or return information under subsection (e)(1)(D)(iii), paragraph (2) or (4)(B) of subsection (m), or subsection (n), shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee or otherwise or under the provisions of this section. For purposes of this subsection, the term "officer or employee" includes a former officer or employee.

*     *     *     *     *     *     *

(d) Disclosure to State Tax Officials and State
(continued...)

We disagree that respondent violated section 6103.  An officer or employee of the United States may not disclose returns or return information unless disclosure is authorized under section 6103.  Sec. 6103(a); Martin v. IRS, 857 F.2d 722, 724 (10th Cir. 1988).  However, the Commissioner may disclose returns and return information to State tax officials upon written request by the head of the State tax agency for the purpose of, and to the extent necessary in, the administration of State tax laws.  Sec. 6103(d)(1).  The written request must:  (a) Be made by the head of the State agency charged under State law with responsibility for the administration of State tax laws;  (b) designate representatives of the State tax agency as the

---

[1](...continued)
and Local Law Enforcement Agencies.--

> (1) In General.--Returns and return information with respect to taxes * * * shall be open to inspection by, or disclosure to, any State agency, body, or commission, or its legal representative, which is charged under the laws of such State with responsibility for the administration of State tax laws for the purpose of, and only to the extent necessary in, the administration of such laws * * *.  Such inspection shall be  permitted, or such disclosure made, only upon written request by the head of such agency, body, or commission, and only to the representatives of such agency, body, or commission designated in such written request as the individuals who are to inspect or to receive the returns or return information on behalf of such agency, body, or commission.  Such representatives shall not include any individual who is the chief executive officer of such State or who is neither an employee or legal representative of such agency, body, or commission nor a person described in subsection (n). * * *

individuals who are to inspect or receive the returns or return information; and (c) not designate as a representative any person who is the chief executive officer of the State or is not an employee or a legal representative of the tax agency. Id.

The IRS has coordination and implementation agreements with each State and the District of Columbia. The Implementation Agreement between the Department of Revenue and the IRS satisfies section 6103(d) because it (a) is signed by the head of the State tax agency, (b) designates the individuals who are to inspect or to receive the returns or return information on behalf of the agency, and (c) does not designate as a representative the chief executive officer of the State or any person who is not an employee of the tax agency. Taylor v. United States, 106 F.3d 833, 836 (8th Cir. 1997) (agreements between Iowa and the IRS satisfy section 6103(d)); Long v. United States, 972 F.2d 1174, 1179 (10th Cir. 1992) (agreements between Colorado and the IRS satisfy section 6103(d)); Smith v. United States, 964 F.2d 630, 633-634 (7th Cir. 1992) (agreements between Illinois and the IRS satisfy section 6103(d)). In Taylor v. United States, supra at 836 the Court of Appeals for the Eighth Circuit stated:

> Congress clearly recognized the need for disclosure of such information in certain carefully delineated circumstances. Disclosure of individual taxpayer information by the IRS to a state taxing authority via a standing written agreement that is carefully crafted to satisfy concerns for confidentiality implements rather than "eviscerates" the will of Congress.

Petitioners contend that the sharing of information between the Department of Revenue and respondent violated section 6103 because no written requests were made for petitioners' return information. We disagree. The Implementation Agreement was similar to the agreements in <u>Taylor</u>, <u>Long</u>, and <u>Smith</u>, and constitutes the required written request.

We conclude that the Implementation Agreement satisfied section 6103(d) and that the sharing of information between the Department of Revenue and respondent was not an unauthorized disclosure.

2.  <u>The Privacy Act</u>

Petitioners allege that on June 6, 1994, respondent raided the offices of American Mutual Investment Co. in Billings, Montana. Petitioners further allege that respondent took all of the client files of Otis. Petitioners allege that respondent visited all of the Otis clients and asked for all of their tax and trust materials. Petitioners contend that they were audited as a result of the raid and that the audit violated the Privacy

Act,[2] 5 U.S.C. section 552a.  We disagree.  As discussed next,
the disclosures of information here comply with the Privacy Act.

_____

[2] 5 U.S.C. sec. 552a(a) and (b) (1994) provide as follows:

    (a) Definitions.--For purposes of this section--

\*      \*      \*      \*      \*      \*      \*

      (7) the term "routine use" means, with
respect to the disclosure of a record, the use of such
record for a purpose which is compatible with the
purpose for which it was collected;

\*      \*      \*      \*      \*      \*      \*

    (b) Conditions of Disclosure.--No agency shall
disclose any record which is contained in a system of
records by any means of communication to any person, or
to another agency, except pursuant to a written request
by, or with the prior written consent of, the
individual to whom the record pertains, unless
disclosure of the record would be--

      (1) to those officers and employees of the
agency which maintains the record who have a need for
the record in the performance of their duties;

\*      \*      \*      \*      \*      \*      \*

      (3) for a routine use as defined in
subsection (a)(7) of this section and described under
subsection (e)(4)(B) of this section;

\*      \*      \*      \*      \*      \*      \*

      (7) to another agency or to an
instrumentality of any governmental jurisdiction within
or under the control of the United States for a civil
or criminal law enforcement activity if the activity is
authorized by law, and if the head of the agency or
instrumentality has made a written request to the
agency which maintains the record specifying the
particular portion desired and the law enforcement
activity for which the record is sought;

Petitioners argue that respondent violated the Privacy Act because respondent did not make a written request, or obtain the written consent, of petitioners to disclose their tax records to the Department of Revenue.  Petitioners also contend that the State of Montana violated the Privacy Act.

We disagree.  The Privacy Act prohibits Federal agencies from disclosing any record unless the disclosure would be for a routine use as defined in 5 U.S.C. section 552a(a)(7).  5 U.S.C. sec. 552a(b)(3).  A use of the record is routine if it is for a purpose which is compatible with the purpose for which it was collected.  5 U.S.C. sec. 552a(a)(7).  The agency must timely publish in the Federal Register a notice of each routine use of the records contained in the system, including the categories of users and the purpose of such use.  5 U.S.C. sec. 552a(e)(4)(D). In July 1985, the Commissioner published notices as required by 5 U.S.C. section 552a(e)(4)(D) in the Federal Register for its Individual Returns Files, Adjustments and Miscellaneous Documents Files and its Examination Administrative File records systems. See 50 Fed. Reg. 29821, 29857 (July 22, 1985) (providing that disclosure of returns and return information may be made only as provided by 26 U.S.C. section 6103).  The disclosure of taxpayer information collected for the purpose of Federal tax administration to State tax officials for the purpose of State tax administration is a use of the record compatible with the purpose for which it was collected.  5 U.S.C. sec. 552a(a)(7);

Taylor v. United States, supra (court rejected the taxpayer's argument that the IRS may disclose Federal tax information only for the purpose of Federal tax administration).  We conclude that the disclosures of information here met 5 U.S.C. section 552a.[3]

B.   Whether the Notice of Deficiency Is Invalid Because Respondent Did Not Make Notice and Demand

Petitioners argue that the notice of deficiency is invalid because respondent did not make notice and demand.  We disagree.

The mailing of the notice of deficiency is generally a prerequisite to assessment and collection of the deficiency. Sec. 6213(a); United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984); Meyer v. Commissioner, 97 T.C. 555, 560 (1991).  The Commissioner may send a notice of deficiency to a taxpayer by certified or registered mail.  Sec. 6212(a).  In general, the Commissioner may not assess income taxes before issuing a notice of deficiency and, if a taxpayer files a petition in the Tax Court, until the decision of the Tax Court becomes final.  Sec. 6213(a).  Thus, respondent may not make an assessment against petitioners for 1994.  Without an assessment, respondent may make no notice and demand for payment.

Petitioners point out that the notice of deficiency sent in this case states that petitioners can consent to the immediate

_____

[3]As a result of our conclusion, we need not consider whether summary judgment would be appropriate if there had been a violation of sec. 6103 or the Privacy Act.

assessment and collection of their deficiencies and contend that the amount described as due in the notice of deficiency is an assessment. We disagree. The notice of deficiency includes a waiver petitioners could have signed if they had wanted to agree to the immediate assessment and collection of any deficiencies.

Respondent has made no assessment in this case. Respondent cannot make notice and demand until respondent makes a valid assessment against petitioners, and no assessment may be made during the pendency of this case. We conclude that the notice of deficiency is valid.

C.   Whether the Notice of Deficiency Is Invalid Because It Does Not Contain an Original Signature in Pen and Ink

Petitioners contend that the notice of deficiency is invalid because the deficiency notice does not contain an original signature in pen and ink. Petitioners point out that 8 Appeals, Internal Revenue Manual, section 512, states that the notice

> is signed in pen and ink, on behalf of the Commissioner, by the approving Appeals officer * * *. Any copies of the statutory notice letter which are used for the originals or duplicate originals should have a handwritten signature and not a facsimile or reproduced signature * * *.

Petitioners point out that the notice of deficiency:  (a) Was signed by the District Director and not an Appeals officer, (b) was not signed in pen and ink but with a rubber stamp, and (c) was not signed under penalty of perjury, which petitioners contend is required by section 6065. They argue that the notice of deficiency is therefore invalid. We disagree.

Respondent need not sign the notice of deficiency to validate it. Sec. 6212; Fox v. Commissioner, T.C. Memo. 1993-277, affd. without published opinion 69 F.2d 543 (9th Cir. 1995). Also, section 6065 does not require that the notice of deficiency be signed under penalties of perjury. Section 6065 applies to returns and other documents filed with respondent; it does not apply to notices of deficiency. Scruggs v. Commissioner, T.C. Memo. 1995-355; Spencer v. Commissioner, T.C. Memo. 1977-145; see sec. 6212. The Internal Revenue Manual directs that the delegate authorized to sign notices of deficiency will either sign, initial, or have a machine imprint the Director's signature on the notice of deficiency. 4 Examination, Internal Revenue Manual, sec. 4(13)14.3(2). Respondent's failure to comply with the Internal Revenue Manual does not invalidate a notice of deficiency or confer substantive rights upon taxpayers. Cf. Vallone v. Commissioner, 88 T.C. 794, 808 (1987) (failure to comply with Internal Revenue Manual procedure for obtaining extension of period of limitation did not necessitate suppression of evidence obtained after extension obtained); Epstein v. Commissioner, T.C. Memo. 1989-498 (failure to follow Internal Revenue Manual procedure did not invalidate the notice of deficiency). Internal Revenue Manual procedures are directory and not mandatory; the alleged procedural violations herein do not invalidate respondent's determinations. See United States v. Horne, 714 F.2d 206, 207 (1st Cir. 1983); Vallone v.

Commissioner, supra at 806-808; Levy v. Commissioner, T.C. Memo.
1987-609, affd. without published opinion 884 F.2d 574 (5th Cir.
1989).

D.    Conclusion

We conclude that the notice of deficiency issued in this
case is valid.  For the reasons stated above, we deny
petitioners' motion for summary judgment.

An order will be issued
denying petitioners' motion
for summary judgment.