T.C. Memo. 2000-290

UNITED STATES TAX COURT

STEPHEN C. SMITH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18760-98.                    Filed September 18, 2000.

Stephen C. Smith, pro se.

<u>Brian M. Harrington</u>, for respondent.


MEMORANDUM OPINION

COLVIN, <u>Judge</u>:  Respondent determined deficiencies in petitioner's income tax as follows:

|      |            | Additions to tax | | |
|      |            | Sec. | Sec. | Sec. |
| <u>Year</u> | <u>Deficiency</u> | <u>6651(a)(1)</u> | <u>6651(a)(2)</u> | <u>6654</u> |
| 1994 | $10,687 | $2,671.75 | -- | $554.58 |
| 1995 | 25,866 | 6,466.50 | -- | 1,402.52 |
| 1996 | 28,270 | 6,360.75 | $1,837.55 | 1,504.67 |

The issues for decision are:

1.   Whether petitioner is liable for income tax on amounts that Terminex International Co., LP, paid to an unincorporated business called King of Construction in 1994, 1995, and 1996.  We hold that he is.

2.   Whether petitioner may deduct business expenses in 1994, 1995, and 1996.  We hold that he may not because he has not provided substantiation or any other convincing basis for us to estimate the amount of the expenses.

3.   Whether petitioner is liable for self-employment tax for 1994, 1995, and 1996.  We hold that he is.

4.   Whether petitioner is liable for additions to tax for failure to file a return and failure to pay estimated tax for 1994, 1995, and 1996 and failure to pay tax for 1996.  We hold that he is.

5.   Whether petitioner is liable for a penalty under section 6673.  We hold that he is in the amount of $3,500.

Unless otherwise indicated, section references are to the Internal Revenue Code.  Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Some of the facts are stipulated and are so found. Petitioner lived in Lebanon, Indiana, when he filed the petition.

Petitioner did business during the years in issue as King of

Construction, a carpentry, remodeling, and home repair business. Terminex International Co., LP (Terminex), paid $51,132 in 1994, $104,915 in 1995, and $114,647 in 1996 to King of Construction for repairing homes that had been damaged by termites. King of Construction had no employees during those years. Petitioner did the work and sometimes hired contract labor. Petitioner bought materials, acquired equipment, and hired contract labor as needed. He issued some Forms 1099 to subcontractors. He retained the profits that were left after paying expenses for King of Construction.

Petitioner did not file a Form 1040, U.S. Individual Income Tax Return, or pay income tax or estimated tax for 1994, 1995, or 1996. Respondent began the audit of this case before May 13, 1998, and issued a notice of deficiency to petitioner for 1994, 1995, and 1996 on September 1, 1998.

Petitioner alleged in his petition that his income is not taxable, and that the following defenses apply: (1) Res judicata, (2) estoppel, (3) waiver, (4) duress, (5) fraud, (6) statute of limitations, (7) invalid notice of deficiency, (8) failure to provide Freedom of Information Act documents and materials necessary for petitioner to prepare for trial, (9) failure of respondent to exhaust administrative remedies, (10) laches, (11) the "clean hands" doctrine, and (12) illegality of the notice of deficiency. He alleged no facts to support these

allegations.

Petitioner sent respondent interrogatories, and requests for admissions and production of documents, all of which were frivolous (e.g., petitioner is not a "person liable" for tax; he did not volunteer to file returns or pay tax; respondent's employees lacked authority; the substitute for return is invalid).

On May 7, 1999, respondent's counsel sent petitioner a letter stating that petitioner had taken tax protester type positions which could result in imposition of monetary sanctions. Respondent's counsel attached to the letter copies of 11 recent Tax Court cases in which we rejected arguments similar to those raised by petitioner. On August 19, 1999, respondent's counsel sent another letter to petitioner in which he said that petitioner had not cooperated in preparing for trial and advised petitioner that he could be subject to a penalty under section 6673. Respondent's counsel attached a copy of section 6673 to the August 19, 1999, letter. Petitioner filed a motion for summary judgment and a pretrial memorandum in which he made only frivolous arguments. He did not dispute any of the adjustments in the notice of deficiency. We denied his motion for summary judgment.

In respondent's pretrial memorandum, respondent contended that petitioner is liable for the section 6673 penalty. At

trial, counsel for respondent filed a motion asking us to impose a penalty under section 6673.  Petitioner received a copy of the motion and supporting legal authority.  At trial, petitioner continued to maintain frivolous positions.  He offered no evidence relating to his income or deductions.

Discussion

A.   Whether Petitioner Is Liable for Federal Income Tax

Petitioner bases his contention that he is not subject to Federal income tax laws on frivolous arguments; e.g., that there is no provision in the Internal Revenue Code making him liable for any tax or requiring him to file a return.  Petitioner's assertions parrot those that courts have universally rejected. We do not address petitioner's assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); see Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir. 1988) (rejecting taxpayer's claim that paying taxes is voluntary), affg. T.C. Memo. 1987-225; Carter v. Commissioner, 784 F.2d 1006, 1009 (9th Cir. 1986) (rejecting taxpayer's claim that the income tax is voluntary); Rowlee v. Commissioner, 80 T.C. 1111, 1120 (1983) (rejecting taxpayer's claim that he is not a "person liable" for tax); Stone v. Commissioner, T.C. Memo. 1998-314 (stating that section 6065 applies to returns and other documents filed with

the Commissioner but does not apply to notices of deficiency); Janus v. Commissioner, T.C. Memo. 1996-195 (finding that forms included in the notices of deficiency detailing the adjustments made by the Commissioner were not substitute returns under section 6020 and that nothing in the Internal Revenue Code requires the Secretary to file a return pursuant to section 6020 before assessing a deficiency); Ebert v. Commissioner, T.C. Memo. 1991-629 (rejecting taxpayer's assertion that there is no section of the Internal Revenue Code that makes taxpayer liable for the taxes claimed), affd. without published opinion 986 F.2d 1427 (10th Cir. 1993); Rice v. Commissioner, T.C. Memo. 1978-334 (stating that the allegation that the conduct of agents of the Internal Revenue Service in issuing the notice of deficiency violates section 7214 is a matter over which the Tax Court has no jurisdiction); Spencer v. Commissioner, T.C. Memo. 1977-145 (stating that section 6065 does not require notices of deficiency issued by Commissioner to be signed under penalties of perjury).

B.   Whether Petitioner Is Liable for Income Tax on the Amounts That Terminex Paid to King of Construction in the Years in Issue

Petitioner contends that he is not liable for tax on payments from Terminex to King of Construction because Jesus Christ and not petitioner owned King of Construction. We disagree. Petitioner owned and controlled King of Construction. There is no evidence that King of Construction is incorporated.

Respondent determined that petitioner is liable for tax on the income to King of Construction. Respondent's determination is presumed to be correct and petitioner bears the burden of proving otherwise. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). We sustain respondent's determination and conclude that the amounts that Terminex paid are taxable to petitioner in 1994, 1995, and 1996.

C. Whether Petitioner May Deduct Business Expenses of King of Construction

Petitioner contends that King of Construction had business expenses for equipment, materials, and contract labor, but he offered no substantiation for any of those expenses. He testified that he had records showing costs for the work that he did in the years in issue but that he did not have them with him at trial.

We may estimate the amount of a deductible expense if a taxpayer provides a sufficient evidentiary basis for us to make an estimate. See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930), affg. in part and remanding in part 11 B.T.A. 743 (1928). Petitioner testified that most contractors, including himself, made a profit of 15 percent of gross receipts. He testified that he paid up to 80 percent of the gross receipts for expenses, but that for some jobs he paid less than 80 percent. Petitioner's testimony is an inadequate basis for us to estimate the amounts of his business expenses. See Vanicek v.

Commissioner, 85 T.C. 731, 742-743 (1985). Thus, petitioner may not deduct any amount for business expenses in the years in issue.

D.    Whether Petitioner Is Liable for Self-Employment Tax

Petitioner does not deny that he is liable for self-employment tax. However, he testified that King of Construction paid wages to him. If that were true, he would not be liable for self-employment tax.

Petitioner testified that money from Terminex went into an account in the name of King of Construction. He paid business expenses from the account and kept what was left. We conclude that payments from Terminex are self-employment income to petitioner, and not wages. We conclude that petitioner is liable for self-employment tax in the years in issue.

E.    Whether Petitioner Is Liable for the Additions to Tax for Failure To File Returns for 1994, 1995, and 1996, for Failure To Pay Tax for 1996, and Failure To Pay Estimated Tax for 1994, 1995, and 1996

Petitioner contends in his petition that he is not liable for the additions to tax for failure to file timely returns and pay tax under section 6651(a)(1) or (2), or for failure to pay estimated tax under section 6654. Petitioner concedes that he did not file a tax return or pay any tax, including estimated tax, for 1994, 1995, or 1996. He offered no evidence as to why he failed to do so. We conclude that petitioner is liable for

the additions to tax under section 6651(a)(1) and (2).[1]  See sec.

6654(a); <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985).

F.     <u>Whether Petitioner Is Liable for a Penalty Under Section
       6673</u>

At trial, respondent moved that the Court impose a penalty

under section 6673 on the grounds that petitioner maintained

frivolous and groundless positions.  Petitioner has not responded

to respondent's motion.

The Court may require that the taxpayer pay a penalty to the

United States of not more than $25,000 if the taxpayer instituted

or maintained proceedings primarily for delay, if the taxpayer's

position is frivolous or groundless, or if the taxpayer

unreasonably failed to pursue administrative remedies.  See sec.

6673.  A taxpayer's position is frivolous or groundless if it is

contrary to established law and unsupported by a reasoned,

colorable argument for change in the law.  See <u>Coleman v.

Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986).  Petitioner's

position is contrary to law and is not supported by a reasonable

argument for a change in the law.

Respondent's counsel told petitioner twice in writing that

petitioner's positions were without merit, and gave petitioner

copies of recent Tax Court cases so holding and a copy of section

---

[1]  A return prepared by the Commissioner under sec. 6020(b)
is treated as a return filed by the taxpayer for returns due
after July 30, 1996, for purposes of sec. 6651(a)(2).  See sec.
6651(g).

6673.  Petitioner ignored our precedents and the warnings from respondent's counsel.  He continued to assert frivolous and groundless positions and did not produce evidence relating to the merits of this case.  He has wasted the resources of respondent and the Court.  We conclude that petitioner's position is frivolous and groundless and was instituted primarily for delay. We impose on petitioner a penalty of $3,500 under section 6673.

<u>An appropriate order will be issued granting respondent's motion under section 6673, and decision will be entered for respondent</u>.