T.C. Memo. 2007-106

UNITED STATES TAX COURT

EDWARD W. CLOUGH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21898-05L.                    Filed April 30, 2007.

Edward W. Clough, pro se.

<u>Louise R. Forbes</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, <u>Judge</u>:  Pursuant to section 6330(d),[1] petitioner seeks review of respondent's determination to proceed with the collection of petitioner's 1996, 1997, 1998, and 2000 Federal income tax liabilities.

_____

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code.

FINDINGS OF FACT

Some of the facts have been stipulated.  We incorporate the stipulated facts into our findings by this reference.  Petitioner resided in Shrewsbury, Massachusetts, when his petition in this case was filed.

Petitioner failed to file Federal income tax returns for 1996, 1997, 1998, and 2000.  Respondent prepared substitute returns pursuant to section 6020(b) and determined deficiencies for all relevant years.  Respondent mailed a notice of deficiency dated April 19, 2002, for 1996, 1997, and 1998 to petitioner, and petitioner received the notice.[2]  However, the record does not disclose whether respondent mailed a notice of deficiency to petitioner for 2000.

Petitioner failed to petition this Court regarding the notice of deficiency for 1996, 1997, and 1998, and on March 3, 2003, respondent assessed tax deficiencies against petitioner for 1996, 1997, and 1998.  Also, on March 3, 2003, respondent assessed a tax deficiency against petitioner for 2000.  For reasons that are not explained in the record, in March 2003 respondent erroneously abated the deficiencies owed by petitioner for 1996, 1997, and 1998.  On April 21, 2003, respondent reversed the abatement and reinstated the 1997 assessment, and on April

---

[2] Petitioner attached a copy of this notice to his request for a sec. 6330 hearing.

28, 2003, respondent reversed the abatements and reinstated the 1996 and 1998 assessments.  Respondent subsequently sent petitioner notices of balance due for the unpaid balances of the 1996, 1997, 1998, and 2000 assessments.

On October 25, 2003, respondent mailed to petitioner a Final Notice of Intent to Levy and Your Right to a Hearing Under Section 6330.  In response, petitioner submitted a timely request for a section 6330 hearing, attaching to it a nine-page statement containing mostly frivolous and groundless arguments.

Petitioner's case was originally assigned to Settlement Officer S. Gropack (Officer Gropack).  After reviewing petitioner's request for a hearing, Officer Gropack mailed to petitioner a letter dated January 21, 2005, indicating that (1) the Appeals Office does not provide a face-to-face hearing if the only issues raised are frivolous or groundless, (2) the arguments included in petitioner's hearing request are frivolous or groundless, (3) petitioner is not entitled to a face-to-face hearing if the only issues raised are frivolous and groundless, and (4) petitioner could have a telephone or correspondence hearing to discuss any relevant challenges to respondent's proposed collection action.  Officer Gropack scheduled a telephone hearing for February 24, 2005, but also informed petitioner that if he wanted to have a face-to-face

hearing, he would have to send a letter to Officer Gropack describing the legitimate issues he wished to discuss.

On February 24, 2005, petitioner submitted a letter to Officer Gropack containing frivolous and groundless arguments and a request for a face-to-face hearing at the closest Appeals Office to petitioner's residence. Respondent transferred petitioner's case to the Boston Appeals Office, where it was assigned to Settlement Officer Lisa Boudreau (Officer Boudreau or hearing officer). By letter dated June 14, 2005, Officer Boudreau advised petitioner that he did not qualify for a face-to-face hearing because the arguments he had presented were frivolous. Officer Boudreau reiterated that petitioner would only receive a face-to-face hearing if he presented legitimate issues. In the alternative, Officer Boudreau offered petitioner a telephone hearing and the right to discuss by correspondence any relevant challenges to the proposed levy. In a letter dated July 9, 2005, petitioner continued to assert frivolous arguments, refused to participate in a telephone hearing, and reiterated his request for a face-to-face hearing.

On October 19, 2005, the Appeals Office issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) with respect to petitioner's outstanding tax liabilities for the years in issue. In the notice of determination and an attachment to the

notice, the Appeals Office determined that the proposed levy should be sustained because all statutory and administrative requirements had been met, petitioner had raised only frivolous arguments, petitioner did not propose a viable collection alternative, and the intrusiveness of the enforced collection was necessary to provide for the efficient collection of the taxes owed.  However, in the attachment to the notice of determination, the Appeals Office[3] stated the following:

> I have not verified whether the taxpayer received a statutory notice of deficiency for form 1040 for the calendar year ending December 31, 2000 and as such he may be able to challenge the existence or amount of the liability.

Neither the notice of determination nor the attachment indicates that the Appeals Office considered the legal effect on the 2000 assessment of a failure by respondent to issue a notice of deficiency for 2000 to petitioner.

On November 21, 2005, the petition in this case was filed. Among his arguments, petitioner alleges that respondent's determination is invalid because (1) petitioner never received a valid notice of deficiency, (2) petitioner was denied an opportunity to challenge the existence of the underlying tax liability for the years at issue, (3) respondent never assessed

[3]Although the attachment was unsigned, we infer from the attachment that it was prepared by Officer Boudreau as it summarizes in the first person what happened during the sec. 6330 proceeding.

petitioner's alleged tax liability or delivered notice and demand for payment, and (4) respondent failed to comply with statutory and regulatory provisions for section 6330 hearings by refusing to grant petitioner a face-to-face hearing.

OPINION

I.  Determination To Proceed With Collection

Section 6330(a) provides that no levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of the right to a hearing before the levy is made.  If a taxpayer makes a request for a hearing, a hearing shall be held before an impartial officer or employee of the Internal Revenue Service Office of Appeals.  Sec. 6330(b)(1), (3).  At the hearing, a taxpayer may raise any relevant issue, including appropriate spousal defenses, challenges to the appropriateness of the collection action, and collection alternatives.  Sec. 6330(c)(2)(A).  A taxpayer is precluded from contesting the existence or amount of the underlying tax liability at the hearing unless the taxpayer did not receive a notice of deficiency for the tax in question or did not otherwise have an earlier opportunity to dispute the tax liability.  Sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following a hearing, the Appeals Office must make a determination whether the proposed levy action may proceed.  In

so doing, the Appeals Office is required to take into consideration: (1) Verification presented by the Secretary that the requirements of applicable law and administrative procedures have been met, (2) relevant issues raised by the taxpayer, and (3) whether the proposed levy action appropriately balances the need for efficient collection of taxes with a taxpayer's concerns regarding the intrusiveness of the proposed levy action. Sec. 6330(c)(3).

Section 6330(d)(1) grants this Court jurisdiction to review the determination made by the Appeals Office in connection with the section 6330 hearing. Where the underlying tax liability is properly at issue, the Court reviews any determination regarding the underlying tax liability de novo. Sego v. Commissioner, supra at 610. The Court reviews any other administrative determination regarding the proposed levy action for abuse of discretion. Id. An abuse of discretion occurs if the Appeals Office exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

A. 1996, 1997, and 1998

1. Notice of Deficiency

Petitioner argues that he did not receive a valid notice of deficiency for 1996, 1997, and 1998. However, petitioner does not dispute that respondent mailed him a notice of deficiency

dated April 19, 2002, for 1996, 1997, and 1998 or that he received it. His arguments focus solely on the adequacy of the notice. Among his arguments, petitioner claims that the notice was not delivered by an authorized party, was not signed, and showed no deficiency. Petitioner's assertions, however, are completely without merit. A notice of deficiency is validly issued if sent by certified or registered mail to the taxpayer's last known address. Sec. 6212(a) and (b). There is no requirement that the notice be specially delivered by an authorized agent. The Commissioner is also under no obligation to sign a statutory notice of deficiency in order for the notice to be valid. Sec. 6212; see Commissioner v. Oswego Falls Corp., 71 F.2d 673, 677 (2d Cir. 1934), affg. 26 B.T.A. 60 (1932); Pendola v. Commissioner, 50 T.C. 509, 514 (1968); Stone v. Commissioner, T.C. Memo. 1998-314. Moreover, petitioner's interpretation that the notice he received represented a mere "suggestion" to pay tax is baseless given the clarity of the language used.[4] The notice was clearly labeled "Notice of Deficiency", stated that additional amounts were owed, and provided a detailed listing of the deficiencies determined by

---

[4] Sec. 7522(a) provides insight as to the content required in a notice of deficiency by stating that "Any notice to which this section applies shall describe the basis for, and identify the amounts (if any) of, the tax due, interest, additional amounts, additions to the tax, and assessable penalties included in such notice." However, sec. 7522(a) also provides that an inadequate description "shall not invalidate such notice."

respondent for the years covered by the notice. We reject petitioner's misguided reading of the notice and hold that respondent complied with all statutory requirements for a valid notice of deficiency.[5]

### 2. Assessment and Notice and Demand

Petitioner argues that respondent failed to validly assess petitioner's 1996-98 tax liabilities. Federal tax assessments are formally recorded on a summary record of assessment when they are made. Sec. 6203. The summary record must "provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." Sec. 301.6203-1, Proced. & Admin. Regs. Section 6330(c)(1) does not require the Appeals Office to rely on a particular document to verify that it properly assessed the tax liabilities in question. See Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); Kubon v. Commissioner, T.C. Memo. 2005-71. It is now well established that Appeals officers may rely on Form 4340,[6] Certificate of Assessments, Payments, and Other Specified Matters, to verify

---

[5] Because we find that petitioner received a valid notice of deficiency for 1996, 1997, and 1998, petitioner is precluded from contesting his underlying tax liability for 1996, 1997, and 1998.

[6] Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, constitutes a valid verification that the requirements of any applicable law or administrative procedure have been met under sec. 6330(c)(1). See Craig v. Commissioner, 119 T.C. 252, 262 (2002).

that a valid assessment was made.  See <u>Nestor v. Commissioner</u>, 118 T.C. 162, 166 (2002); <u>Schaper v. Commissioner</u>, T.C. Memo. 2002-203; <u>Schroeder v. Commissioner</u>, T.C. Memo. 2002-190.  Absent a showing of irregularity, a Form 4340 is sufficient to establish that a valid assessment was made.  See <u>Nestor v. Commissioner</u>, <u>supra</u> at 167; <u>Davis v. Commissioner</u>, 115 T.C. 35, 40-41 (2000); <u>Yazzie v. Commissioner</u>, T.C. Memo. 2004-233.  In the present case, the Forms 4340 for 1996, 1997, and 1998 identify petitioner, the type of liability assessed, the taxable period, and the amount of the assessment.  Because petitioner does not identify any irregularities in the assessment procedure used to assess the 1996, 1997, and 1998 liabilities, we must conclude that valid assessments for those years were made.

Petitioner also argues that respondent failed to issue notice and demand for payment with respect to the 1996-98 liabilities.  The Appeals officer may rely on Form 4340 to verify that a notice and demand for payment was sent to the taxpayer. See <u>Schaper v. Commissioner</u>, <u>supra</u>; <u>Schroeder v. Commissioner</u>, <u>supra</u>.  In this case, the Forms 4340 for 1996, 1997, and 1998 show that respondent issued to petitioner notices of balance due for each of the unpaid tax liabilities.[7]  Petitioner has failed to

_____

[7] Notices of balance due constitute notice and demand for payment within the meaning of sec. 6303(a).  See <u>Thompson v. Commissioner</u>, T.C. Memo. 2004-204; <u>Henderson v. Commissioner</u>, T.C. Memo. 2004-157; <u>Standifird v. Commissioner</u>, T.C. Memo. 2002-
(continued...)

present any credible evidence that notice and demand was not issued as indicated on the Forms 4340. Consequently, we conclude that notices and demands were properly issued to petitioner with respect to the 1996-98 liabilities.

### 3. Section 6330 Hearing

Lastly, petitioner argues that he was denied a proper section 6330 hearing. Petitioner's principal argument is that respondent improperly denied him a face-to-face section 6330 hearing. We have held repeatedly that because a hearing conducted under section 6330 is an informal proceeding instead of a formal adjudication, a face-to-face hearing is not mandatory. See Katz v. Commissioner, 115 T.C. 329, 337 (2000); Davis v. Commissioner, supra at 41. Accordingly, while a hearing may take the form of a face-to-face meeting, a proper section 6330 hearing may also be conducted by telephone or written correspondence. Katz v. Commissioner, supra at 337-338; sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. Once a taxpayer is given a reasonable opportunity for a hearing and fails to avail himself of that opportunity, this Court has sustained respondent's determination to proceed with collection based upon an Appeals officer's review of the case file. See, e.g., Bean v.

---

[7](...continued)
245, affd. 72 Fed. Appx. 729 (9th Cir. 2003).

Commissioner, T.C. Memo. 2006-88; Ho v. Commissioner, T.C. Memo. 2006-41; Leineweber v. Commissioner, T.C. Memo. 2004-17.

Petitioner repeatedly asserted frivolous and groundless arguments regarding all of his unpaid tax liabilities throughout the section 6330 hearing process and at trial.  The Appeals Office offered petitioner the right to conduct his section 6330 hearing by telephone and/or through written correspondence.  The Appeals Office also advised petitioner on several occasions that it would grant petitioner's request for a face-to-face hearing if petitioner identified relevant issues he wanted to discuss.  In lieu of identifying relevant issues, petitioner continually responded with more frivolous arguments and refused to participate in a telephone hearing.  At no time did petitioner identify any relevant issue he would discuss if granted a face-to-face hearing.

With respect to petitioner's 1996, 1997, and 1998 liabilities, we hold that respondent did not err in refusing to grant petitioner a face-to-face hearing, and we sustain respondent's proposed collection action.

B.  2000

Section 6330(c)(1) provides that a hearing officer, during a section 6330 hearing, shall "obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met."  The obligation imposed

upon a hearing officer by section 6330(c)(1) is mandatory.  The hearing officer's obligation to obtain verification that applicable legal and administrative procedures have been met attaches whenever a taxpayer has made a timely request for a hearing.  See sec. 6330(b)(1) ("If [a] person requests a hearing under subsection (a)(3)(B), such hearing shall be held by the Internal Revenue Service Office of Appeals.").  When a taxpayer makes a timely request for a section 6330 hearing, the hearing must be offered, and it must be conducted in accordance with section 6330(c).

We examine the record to decide whether the hearing officer complied with section 6330(c)(1).  In the notice of determination, the Appeals Office refers petitioner to an attached statement which "shows, in detail, the matters we considered at your Appeals hearing and our conclusions about them" and concludes that the "Issuance of the Final Notice and the proposed levy action are fully sustained."  In the attachment to the notice of determination, the hearing officer states that she did not verify whether petitioner received a statutory notice of deficiency for 2000.[8]  In the hearing officer's activity record, which was introduced as an exhibit by respondent, the hearing officer made the following entry for June 14, 2005:  "Per

_____

[8] The Form 4340 for 2000 contains no reference to a notice of deficiency being issued for that year, and the record does not contain a copy of a notice of deficiency for 2000.

the documents that were requested For 2000: these are not the SNOD. Requested DLN of the TC 290. Checked ICS: no ICS history for this t/p."[9] The activity record also shows that the hearing officer made the following entry on July 20, 2005: "To date I have been unable to verify a SNOD for 2000. For 1996-1998 liability issues are precluded from consideration. For 2000 they may not be, but the t/p has not brought up any relevant arguments, just frivolous arguments."

The relevant parts of the record summarized above establish that the hearing officer did not receive verification during petitioner's section 6330 hearing that respondent had issued a notice of deficiency for 2000 to petitioner before assessing petitioner's 2000 deficiency. Moreover, the record contains no indication that the hearing officer or the Appeals Office considered the effect on the 2000 assessment of a failure by respondent to verify that a notice of deficiency for 2000 was mailed to petitioner.

---

[9]Although the entries in the activity record are not always intelligible due to the coding and numbering utilized by respondent's employees, we understand the term "SNOD" to be an acronym for a statutory notice of deficiency.

If the Secretary[10] determines that there is a deficiency in income tax, he may send a notice of deficiency to the taxpayer by certified mail or registered mail. Sec. 6212(a). The notice must be sent to the taxpayer's last known address. Sec. 6212(b)(1). Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency is mailed, the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Sec. 6213(a). Section 6213(a) expressly prohibits the Secretary, except in the case of termination and jeopardy assessments made under sections 6851, 6852, and 6861, from assessing a deficiency and attempting to collect a deficiency before a notice of

---

[10]The term "Secretary" means "the Secretary of the Treasury or his delegate", sec. 7701(a)(11)(B), and the term "or his delegate" means "any officer, employee, or agency of the Treasury Department duly authorized by the Secretary of the Treasury directly, or indirectly by one or more redelegations of authority, to perform the function mentioned or described in the context", sec. 7701(a)(12)(A).

deficiency is sent.[11]  See <u>Freije v. Commissioner</u>, 125 T.C. 14, 35-36 (2005).

As we previously noted, section 6330(c)(1) requires an officer who is presiding over a section 6330 hearing to "obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met."  The record before us clearly establishes that the hearing officer in this case did not receive verification that a critical legal requirement for a valid 2000 assessment had been met.  She did not personally verify, or receive any verification from the Secretary or his designee, that a notice of deficiency had been sent to petitioner for 2000.  Absent such verification, it was impossible for the hearing officer to properly conclude, as required by section 6330(c)(1), that applicable legal and

---

[11] Sec. 6213(a) provides, in pertinent part:

Except as otherwise provided in section 6851, 6852, or 6861 no assessment of a deficiency * * * and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court, including the Tax Court, and a refund may be ordered by such court of any amount collected within the period during which the Secretary is prohibited from collecting by levy or through a proceeding in court under the provisions of this subsection.

administrative requirements had been met with respect to the assessment of the 2000 deficiency.

Although petitioner made numerous frivolous and groundless arguments,[12] including arguments that he is not required to pay income tax and that no law authorizes the Internal Revenue Service to make substitute returns, and generally engaged in irresponsible behavior during the section 6330 hearing process and at trial, his conduct does not obviate the responsibility of a hearing officer under section 6330(c)(1) to obtain verification that the legal and administrative requirements for a proper assessment and related collection activity have been met. Because it is clear from the record that the hearing officer did not obtain or receive verification that respondent had issued a notice of deficiency for 2000 to petitioner, we must conclude that the requirements of section 6330(c)(1) were not met and that the Appeals Office's conclusion to the contrary was erroneous. See Freije v. Commissioner, supra at 36. Because it is clear that the Appeals Office reached its conclusion regarding the section 6330(c)(1) requirement without a sound basis for the conclusion in either fact or law, we hold that the Appeals Office

---

[12] Among his arguments, petitioner asserts that there is no statutory authority for imposing liability in connection with the income taxes at issue and that no statute requires him to pay the taxes assessed.

abused its discretion in sustaining respondent's levy action with respect to the 2000 liability.

## II.  Section 6673(a)

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty, not to exceed $25,000, if it appears that the taxpayer has instituted or maintained a proceeding primarily for delay or that the taxpayer's position is frivolous or groundless.  Section 6673(a)(1) applies to proceedings under section 6330.  See Pierson v. Commissioner, 115 T.C. 576, 581 (2000).  In proceedings under section 6330, we have imposed the penalty on taxpayers who raised frivolous and groundless arguments with respect to the legality of the Federal tax laws.  See, e.g., Roberts v. Commissioner, 118 T.C. at 372-373; Eiselstein v. Commissioner, T.C. Memo. 2003-22; Yacksyzn v. Commissioner, T.C. Memo. 2002-99.

In a motion for summary judgment and to impose a penalty under section 6673, respondent warned petitioner that his unfounded allegations constituted a frivolous appeal subject to monetary sanctions under section 6673(a)(1).  Although we denied the motion before trial because we were not convinced that summary judgment was appropriate, petitioner continued at trial to assert meritless arguments regarding the validity of the 1996-98 notice of deficiency, his obligation to pay taxes, and

other matters. Petitioner's conduct to date as summarized in this opinion demonstrates that petitioner's arguments challenging respondent's collection action with respect to petitioner's 1996-98 liabilities were frivolous and/or groundless. We shall require petitioner to pay to the United States a penalty under section 6673(a)(1) in the amount of $6,000.

Our conclusion that it is appropriate to impose a section 6673 penalty on petitioner is the direct result of petitioner's arguments. We believe that our conclusion is warranted even though we have also held that the Appeals Office abused its discretion regarding petitioner's 2000 liability. Our holding regarding the 2000 liability is not the result of any argument that petitioner made. Rather, it stems from the rather obvious failure of respondent, as shown by the record, to present verification to the hearing officer that he issued a notice of deficiency for 2000 to petitioner before he assessed the 2000 deficiency. Our authority to impose a section 6673 penalty in this case arises from section 6673(a)(1) and is invoked by petitioner's frivolous and groundless arguments regarding his 1996-98 liabilities. There is nothing in section 6673(a)(1) to suggest that our authority to impose a section 6673 penalty is constrained in any way by the fact that petitioner was lucky enough to obtain a favorable ruling regarding respondent's proposed collection action with respect to the 2000 liability.

We have considered the remaining arguments of both parties and to the extent not discussed above, conclude those arguments are irrelevant, moot, or without merit.

To reflect the foregoing,

<u>An appropriate decision will be entered</u>.