T.C. Memo. 2002-149

UNITED STATES TAX COURT

MALCOLM CROW, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7275-01L.                    Filed June 12, 2002.

Malcolm Crow, pro se.

<u>Wendy S. Harris</u> and <u>Karen Lynne Baker</u>, for respondent.

MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court
on respondent's Motion For Summary Judgment And To Impose A
Penalty Under I.R.C. Section 6673, filed pursuant to Rule 121.[1]
Respondent contends that there is no dispute as to any material

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

fact with respect to this levy action and that respondent's determination to proceed with collection of petitioner's outstanding tax liability for 1997 should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

As explained in detail below, there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Accordingly, we shall grant respondent's motion for

summary judgment.

Background

### A. Petitioner's Form 1040 for 1997

On or about April 29, 1998, Malcolm Crow (petitioner) and his wife Carey Crow[2] submitted to respondent a joint Form 1040, U.S. Individual Income Tax Return, for the taxable year 1997. On the Form 1040, petitioner listed his occupation as "estimator".

Petitioner entered zeros on applicable lines of the income portion of the Form 1040, specifically including line 7 for wages, line 22 for total income, lines 32 and 33 for adjusted gross income, and line 38 for taxable income. Petitioner also entered zeros on line 39 for tax and on line 53 for total tax. Petitioner then claimed a refund equal to the amount of Federal income tax that had been withheld from wages.

Petitioner attached to the Form 1040 three Forms W-2, Wage and Tax Statements, disclosing the payment of wages during the taxable year in issue. The first Form W-2 was from Lynx Construction of Henderson, Nevada; it disclosed the payment of wages to petitioner in the amount of $27,666.30 and the withholding of Federal income tax in the amount of $1,609. The second Form W-2 was also from Lynx Construction of Henderson Nevada; it disclosed the payment of wages to petitioner's wife in

---

[2] Carey Crow is not a party to the present proceeding, having failed to file with the Court a petition for lien or levy action. See infra "F".

the amount of $1,587.50 and the withholding of Federal income tax in the amount of $19. The third Form W-2 was from Allied Underground, Inc. of Las Vegas, Nevada; it disclosed the payment of wages to petitioner in the amount of $5,600 and the withholding of Federal income tax in the amount of $403.99.

Petitioner also attached to the Form 1040 a two-page typewritten statement that stated, in part, as follows:

> I, Malcolm Crow, am submitting this as part of my 1997 income tax return, even though I know that no section of the Internal Revenue Code:
>
>> 1) Establishes and [sic] income tax "liability" * * * ;
>>
>> 2) Provides that income taxes "have to be paid on the basis of a return" * * * .
>
> 3) In addition to the above, I am filing even though the "Privacy Act Notice" as contained in 1040 booklet clearly informs me that I am not required to file. It does so in at least two places:
>
>> a) In one place, it states that I need only file a return for "any tax" I may be "liable" for. Since no Code Section makes me "liable" for income taxes, this provision notifies me that I do not have to file an income tax return.
>
>         *   *   *   *   *   *   *
>
> 6) Please note, that my 1997 return also constitutes a claim for refund pursuant to Code Section 6402.
>
> 7) It should also be noted that I had "zero" income *ACCORDING TO THE SUPREME COURT'S DEFINITION OF INCOME* * * * .
>
> 8) With this statement, I am also putting the IRS on notice that my 1997 tax return and claim for refund does not constitute a "frivolous" return pursuant to Code Section 6702. * * *

\*   \*   \*   \*   \*   \*   \*

10) In addition, don't notify me that the IRS is "changing" my return, since there is no statute that allows the IRS to do that.  You might prepare a return (pursuant to Code Section 6020(b)), where no return is filed, but as in this case, where a return has been filed, no statute authorizes IRS personnel to "change" such a return.

\*   \*   \*   \*   \*   \*   \*

The word "income" is not defined in the Internal Revenue Code. \* \* \* But, as stated above, it can only be a derivative of corporate activity.  \* \* \*

B.  Respondent's Deficiency Notice and Petitioner's Response

On August 20, 1999, respondent issued a joint notice of deficiency to petitioner and his wife for the taxable year 1997. In the notice, respondent determined a deficiency in Federal income tax in the amount of $4,031, an addition to tax under section 6651(a)(1) for failure to timely file in the amount of $72.40, and an accuracy-related penalty under section 6662(a) and (b)(1) for negligence or disregard of rules or regulations in the amount of $289.60.[3]  The deficiency in income tax was based on respondent's determination that petitioner and his wife failed to report their wage income.

By letter dated September 29, 1999, petitioner wrote to the Director of respondent's Service Center in Ogden, Utah,

---

[3]  Insofar as their ultimate tax liability was concerned, respondent gave petitioner and his wife credit for the amounts withheld from their wages.  However, we note that the determination of a statutory deficiency does not take such withheld amounts into account.  See sec. 6211(b)(1).

acknowledging receipt of the notice of deficiency dated August 20, 1999, but challenging the Director's authority "to send me the Notice in the first place."

Petitioner knew that he had the right to contest respondent's deficiency determination by filing a petition for redetermination with this Court.[4] However, petitioner chose not to do so. Accordingly, on February 7, 2000, respondent assessed the determined deficiency, addition to tax, and accuracy-related penalty, as well as statutory interest. On that same day, respondent sent petitioner and his wife a notice of balance due, informing them that they had a liability for 1997 and requesting that they pay it. By letter dated March 4, 2000, petitioner acknowledged receipt of this notice, but failed to pay the amount owing.

On March 13, 2000, respondent sent petitioner and Carey Crow a second notice of balance due for 1997. By letter dated March 17, 2000, petitioner acknowledged receipt of this second notice, but failed to pay the amount owing.

_____

[4] In this regard, the first sentence of petitioner's letter dated Sept. 29, 1999, stated as follows:

> According to your "Deficiency Notice" of 8-20-99 (attached), there is an alleged deficiency with respect to my 1997 income tax of $4,031.00, and if I wanted to "contest this deficiency before making payment," I must "file a petition with the United States Tax Court."

## C.  Respondent's Final Notice and Petitioner's Response

On August 10, 2000, respondent mailed to petitioner and his wife a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing in respect of their outstanding tax liability for 1997.

On August 24, 2000, petitioner and his wife filed with respondent Form 12153, Request for a Collection Due Process Hearing.  The request included, inter alia, a challenge to the existence of the underlying tax liability for 1997, as well as allegations that petitioner was never provided with a valid notice of deficiency or notice and demand for payment and that the Appeals officer had failed "to identify the statute that makes me 'liable to pay' the taxes at issue".  Petitioner also requested verification from the Secretary that all applicable laws and administrative procedures were followed with regard to the assessment and collection of the tax liability in question.

## D.  The Appeals Office Hearing

On April 11, 2001, petitioner attended an administrative hearing in Las Vegas, Nevada conducted by Appeals Officer Lavada Harmon (the Appeals officer).  At the hearing, the Appeals officer provided petitioner with a literal "plain English" transcript of petitioner's account for the taxable year 1997.

During the hearing, petitioner requested that the Appeals officer identify the statutory provisions establishing

petitioner's liability for Federal income tax and provide verification that all applicable laws and administrative procedures were followed in the assessment and collection process.  Petitioner was informed that the literal transcript, as well as the more technical IMF (individual master file) transcript, were sufficient to satisfy the verification requirement of section 6330(c)(1).  The Appeals officer terminated the hearing after petitioner declined to discuss collection alternatives and instead persisted on attempting to challenge the underlying tax liability.

### E.  Respondent's Notice of Determination

On May 9, 2001, respondent's Appeals Office issued to petitioner and his wife a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 with regard to their tax liability for 1997.  In the notice, the Appeals Office concluded that respondent's determination to proceed with collection by way of levy should be sustained.

### F.  Petitioner's Petition and Motion To Dismiss

On June 7, 2001, petitioner filed with the Court a Petition for Lien or Levy Action seeking review of respondent's notice of determination.[5]  The petition includes the following allegations: (1) The Appeals officer failed to obtain verification from the

---

[5]  At the time that the petition was filed, petitioner resided in Las Vegas, Nevada.

Secretary that the requirements of any applicable law or administrative procedure were met as required under section 6330(c)(1); (2) the Appeals officer failed to identify the statutes making petitioner liable for Federal income tax; and (3) petitioner was denied the opportunity to challenge (a) the appropriateness of the collection action and (b) the existence or amount of his underlying tax liability.

Concurrently with the filing of his petition, petitioner filed a Motion to Dismiss for Lack of Jurisdiction in which he asked the Court to "declare invalid the 'Determination' at issue, since the appeals officer issued the 'Determination' without having established due process as required by law." Petitioner attached to his motion a Memorandum of Law in which he repeated many of the allegations in the petition. Petitioner also alleged in the memorandum:

> there is no Code Section that authorizes IRS employees to attribute to petitioner more taxes than he reported on his 1997 tax return. Since income taxes are based on "self-assessment," petitioner can only owe in taxes, the amount reported on his 1997 tax return, which, in this case, correctly reports "zero" * * * .

Petitioner attached to his petition and/or motion to dismiss several documents, including (1) a copy of the aforementioned literal transcript that had been furnished to him at the administrative hearing on April 11, 2001, and (2) a copy of Davis v. Commissioner, T.C. Memo. 2001-87. In Davis, this Court sustained the Commissioner's determination to proceed with

collection and imposed a $4,000 penalty under section 6673(a) against the taxpayer.

Petitioner's motion to dismiss was called for hearing in Las Vegas, Nevada.  Petitioner and counsel for respondent appeared and were heard.  Thereafter, by Order dated December 20, 2001, the Court denied petitioner's motion.  Notably, the last paragraph of that order stated as follows:

> Petitioner is admonished that the Court can, and may, impose a penalty against him under section 6673 in an amount up to $25,000, if the Court concludes that he instituted and/or maintained this proceeding primarily for purposes of delay or if the Court deems petitioner's position in this proceeding to be frivolous and/or groundless.  See Pierson v. Commissioner, 115 T.C. 576, 581 (2000).

G.  Respondent's Motion for Summary Judgment

As stated, respondent filed a Motion For Summary Judgment And To Impose A Penalty Under I.R.C. Section 6673.  Respondent contends that petitioner is barred under section 6330(c)(2)(B) from challenging the existence or amount of his underlying tax liability in this proceeding because petitioner received a notice of deficiency for the tax in question.  Respondent also contends that the Appeals officer's review of transcripts from respondent's computer systems, including the literal transcript that was provided to petitioner during the Appeals Office hearing on April 11, 2001, satisfied the verification requirement of

section 6330(c)(1).[6] Finally, respondent contends that petitioner's behavior warrants the imposition of a penalty under section 6673.

Petitioner filed an Objection to respondent's motion. Thereafter, pursuant to notice, respondent's motion was called for hearing at the Court's motions session in Washington, D.C. Although petitioner did not attend the hearing, he filed a written statement pursuant to Rule 50(c).

Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy on the person's property. Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to

_____

[6] Respondent attached as an exhibit to the Declaration that accompanied his motion a third transcript, a TXMODA transcript dated June 26, 2001, that contained essentially the same information as the other two transcripts. See Kaeckell v. Commissioner, T.C. Memo. 2002-114 n.2 (regarding TXMODA transcripts.) All three transcripts were derived from current account information in respondent's master file. In general, transcripts are obtained by entering various command codes (such as TXMODA or MFTRA) into respondent's integrated data retrieval system (IDRS) to obtain the particular transcript. (IDRS is essentially the interface between respondent's employees and respondent's various computer systems.)

levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination.  See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters that a person may raise at an Appeals Office hearing.  In sum, section 6330(c) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection.  Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability.  See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra.  Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.

A.  Summary Judgment

Petitioner challenges the assessment made against him on the ground that the notice of deficiency dated August 20, 1999, is invalid.  However, the record shows that petitioner received the notice of deficiency and disregarded the opportunity to file a petition for redetermination with this Court.  See sec. 6213(a).  It follows that section 6330(c)(2)(B) bars petitioner from challenging the existence or amount of his underlying tax liability in this collection review proceeding.

Even if petitioner were permitted to challenge the validity of the notice of deficiency, petitioner's argument that the notice is invalid because respondent's Service Center director is not properly authorized to issue notices of deficiency is frivolous and groundless.  See Nestor v. Commissioner, 118 T.C. 162, 165 (2002); Goza v. Commissioner, supra.  Further, as the Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984).  Suffice it to say that petitioner is a taxpayer subject to the Federal income tax, see secs. 1(a)(1), 7701(a)(1), (14), and that compensation for labor or services rendered constitutes income subject to the Federal income tax,

sec. 61(a)(1); United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981).

We likewise reject petitioner's argument that the Appeals officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1). The record shows that the Appeals officer obtained and reviewed transcripts of account with regard to petitioner's taxable year 1997.

Federal tax assessments are formally recorded on a record of assessment. Sec. 6203. "The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." Sec. 301.6203-1, Proced. & Admin. Regs.

Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein. Roberts v. Commissioner, 118 T.C. ___ n.10 (2002); Weishan v. Commissioner, T.C. Memo. 2002-88; Lindsey v. Commissioner, T.C. Memo. 2002-87; Tolotti v. Commissioner, T.C. Memo. 2002-86; Duffield v. Commissioner, T.C. Memo. 2002-53; Kuglin v. Commissioner, T.C. Memo. 2002-51. In this regard, we observe that the transcripts of account on which the Appeals officer relied contained all the information prescribed in section 301.6203-1, Proced. & Admin. Regs. See Weishan v.

Commissioner, supra; Lindsey v. Commissioner, supra; Tolotti v.
Commissioner, supra; Duffield v. Commissioner, supra; Kuglin v.
Commissioner, supra.[7]

Petitioner has not alleged any irregularity in the
assessment procedure that would raise a question about the
validity of the assessment or the information contained in the
transcript. See Davis v. Commissioner, 115 T.C. 35, 41 (2000);
Mann v. Commissioner, T.C. Memo. 2002-48. Accordingly, we hold
that the Appeals officer satisfied the verification requirement
of section 6330(c)(1). Cf. Nicklaus v. Commissioner, 117 T.C.
117, 120-121 (2001).

Petitioner also contends that he never received a notice and
demand for payment of his tax liability for 1997. The
requirement that the Secretary issue a notice and demand for
payment is set forth in section 6303(a), which provides in
pertinent part:

> SEC. 6303(a). General Rule.--Where it is not
> otherwise provided by this title, the Secretary shall,
> as soon as practicable, and within 60 days, after the
> making of an assessment of a tax pursuant to section

---

[7] To the extent that petitioner may still be arguing that
the Appeals officer failed to provide him with a copy of the
verification, we note that sec. 6330(c)(1) does not require that
the Appeals officer provide the taxpayer with a copy of the
verification at the administrative hearing. Nestor v.
Commissioner, 118 T.C. 162, 166 (2002). In any event, the
Appeals officer provided petitioner with a literal transcript for
the taxable year 1997. Indeed, petitioner attached a copy of
this transcript as an exhibit to his petition and/or motion to
dismiss.

> 6203, give notice to each person liable for the unpaid
> tax, stating the amount and demanding payment thereof
> * * *.

In particular, the IMF transcript on which the Appeals officer relied during the administrative process shows that respondent sent petitioner a notice of balance due on the same date that respondent made assessments against petitioner for the tax, addition to tax, and accuracy-related penalty determined in the notice of deficiency. A notice of balance due constitutes a notice and demand for payment within the meaning of section 6303(a). See, e.g., Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992); Weishan v. Commissioner, supra; see also Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993). Indeed, petitioner even attached a copy of the February 7, 2000, notice and demand to his letter dated March 4, 2000, acknowledging receipt of such document.

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded. Rule 331(b)(4). In the absence of a valid issue for review, we conclude that respondent is entitled to judgment as a matter of law sustaining the notice of determination dated May 9, 2001.

### B. Imposition of a Penalty Under Section 6673

We turn now to that part of respondent's motion that moves

for the imposition of a penalty on petitioner under section 6673.

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. The Court has indicated its willingness to impose such penalty in lien and levy cases, Pierson v. Commissioner, 115 T.C. 576, 580-581 (2000), and has in fact imposed a penalty in several such cases, Roberts v. Commissioner, 118 T.C. ___ (2002) (imposing a penalty in the amount of $10,000); Smeton v. Commissioner, T.C. Memo. 2002-140 (imposing a penalty in the amount of $1,000); Newman v. Commissioner, T.C. Memo. 2002-135 (imposing a penalty in the amount of $1,000); Yacksyzn v. Commissioner, T.C. Memo. 2002-99 (imposing a penalty in the amount of $1,000); Watson v. Commissioner, T.C. Memo. 2001-213 (imposing a penalty in the amount of $1,500); Davis v. Commissioner, T.C. Memo. 2001-87 (imposing a penalty in the amount of $4,000).

We are convinced that petitioner instituted the present proceeding primarily for delay. In this regard, it is clear that petitioner regards this proceeding as nothing but a vehicle to protest the tax laws of this country and to espouse his own misguided views, which we regard as frivolous and groundless. In

short, having to deal with this matter wasted the Court's time, as well as respondent's, and taxpayers with genuine controversies may have been delayed.

Also relevant is the fact that petitioner is well aware of the provisions of section 6673.  After all, petitioner attached to his petition and/or motion to dismiss a copy of <u>Davis v. Commissioner</u>, T.C. Memo. 2001-87, in which this Court sustained the Commissioner's determination to proceed with collection and imposed a $4,000 penalty under section 6673(a) against the taxpayer.  Moreover, in its Order dated December 20, 2001, denying his motion to dismiss, the Court expressly warned petitioner about the possibility of imposing a penalty under section 6673.

Under the circumstances, we shall grant that part of respondent's motion that moves for the imposition of a penalty in that we shall impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $1,500.

In order to give effect to the foregoing,

<u>An appropriate order granting</u>
<u>respondent's motion and decision</u>
<u>for respondent will be entered</u>.