DON BEAR, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bear v. Commissioner
Docket No. 11582-91
United States Tax Court
T.C. Memo 1992-690; 1992 Tax Ct. Memo LEXIS 735; 64 T.C.M. (CCH) 1430; December 3, 1992, Filed *735 Decision will be entered under Rule 155. Don Bear, pro se. For Respondent: John M. Altman. SCOTT
SCOTT
MEMORANDUM OPINION SCOTT, Judge: This case was assigned to Special Trial Judge Joan Seitz Pate pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PATE, Special Trial Judge: Respondent determined the following deficiencies in and additions to petitioner's income tax: (1) For 1984, a deficiency of $ 12,304 and additions to tax under section 6651(a)(1) of $ 3,022, section 6653(a)(1) of $ 615, section 6653(a)(2) of 50 percent of the interest on $ 12,089, and section 6654 of $ 756; (2) for 1985, a deficiency of $ 10,468 and additions to tax under section 6651(a)(1) of $ 2,386, section *736 6653(a)(1) of $ 523, section 6653(a)(2) of 50 percent of the interest on $ 9,543, and section 6654 of $ 534; (3) for 1986, a deficiency of $ 5,796 and additions to tax under section 6651(a)(1) of $ 868, section 6653(a)(1)(A) of $ 290, section 6653(a)(1)(B) of 50 percent of the interest on $ 3,472, and section 6654 of $ 141; and (4) for 1987, a deficiency of $ 2,249 and additions to tax under section 6651(a)(1) of $ 538, section 6653(a)(1)(A) of $ 112, section 6653(a)(1)(B) of 50 percent of the interest on $ 2,249, and section 6654 of $ 113. Petitioner was a resident of Kennewick, Washington, at the time he filed his petition. Some of the facts have been stipulated and they are so found. The Stipulation of Facts and attached exhibits are incorporated herein by this reference. During all of the years in issue, petitioner was employed as a mechanical designer by Hughes Aircraft in Tucson, Arizona. He received the following amounts of gross income during those years: (1) For 1984, wages of $ 37,072 and interest income of $ 35; (2) For 1985, wages of $ 43,485 and interest income of $ 17; (3) For 1986, wages of $ 36,632; and (4) For 1987, wages of $ 5,711 and other income of $ *737 2,106. Nonetheless, petitioner failed to file Federal income tax returns for 1984, 1985, 1986, and 1987. After concessions by the parties, the only issues for our decision are: (1) Whether petitioner may deduct a capital loss of $ 660 sustained from the sale of a mobile home in 1985; (2) whether the Internal Revenue Service's negotiation of a check dated November 26, 1985, constitutes an accord and satisfaction of petitioner's Federal income tax liabilities for 1984 and 1985; (3) whether petitioner is liable for additions to tax under section 6651(a)(1) for failure to timely file Federal income tax returns for each of the years in issue; (4) whether petitioner is liable for additions to tax under section 6653(a)(1) and (2) for 1984 and 1985 and under section 6653(a)(1)(A) and (B) for 1986 and 1987, for negligence or disregard of rules or regulations; (5) whether petitioner is liable for additions to tax under section 6654 for underpayment of estimated tax for each of the years in issue; and (6) whether petitioner is entitled to a credit or refund for an overpayment of tax for 1987. For purposes of clarity, we have combined our findings of fact and conclusions of law as to each *738 issue. Loss on Mobile Home
In 1985, petitioner sold the mobile home in which he lived, thereby sustaining a loss of $ 660. Petitioner claims the loss is deductible, whereas respondent maintains that the loss is personal and, therefore, not deductible. In general, section 262 provides that expenditures for personal, living, or family expenses are not deductible. The regulations under that section specifically provide that losses sustained by the taxpayer upon the sale or other disposition of property for residential purposes are not deductible. Sec. 1.262-1(b)(4), Income Tax Regs.
Petitioner admittedly used the mobile home at issue as his residence. Consequently, we hold that he may not deduct the loss he sustained when he sold his mobile home. Accord and Satisfaction
In November 1985, petitioner tendered a check to the Internal Revenue Service (hereinafter the IRS) in the amount of $ 1,177.67, on the back of which he had written "Endorsement of this draft constitutes agreement that all taxes, interest, penalties, or other indebtedness is paid in full through 11/30/85." The IRS negotiated the check. Petitioner contends that the IRS's acceptance of his check constitutes *739 an accord and satisfaction of his 1984 and 1985 income tax liabilities and that, therefore, he is not liable for the deficiencies determined by respondent for those years. Sections 7121 and 7122 set forth the exclusive method for settling claims arising under the Internal Revenue laws. Section 7121(a) authorizes the Commissioner to enter into agreements in writing with any person relating to the liability of that person for any taxable period. Set forth in the regulations thereunder are formal procedures for closing agreements and compromises which must be followed to effect a settlement. Laurins v. Commissioner, 889 F.2d 910 (9th Cir. 1989), affg. Norman v. Commissioner, T.C. Memo. 1987-265. Secs. 301.7121-1 and 301.7122-1, Proced. & Admin. Regs. Petitioner did not follow the procedures set forth in those regulations, nor did respondent agree to conclude any closing agreement or compromise as set forth in the regulations. Consequently, there was no closing agreement or compromise effectuated between the parties and, therefore, respondent is not bound by the payment made by petitioner in November 1985. Nevertheless, *740 petitioner argues that his submission of the check with the endorsement language contained thereon together with the negotiation of the check by the IRS constitutes an accord and satisfaction under the Uniform Commercial Code. However, the United States Government, as the sovereign, is not bound by such State statutes as the Uniform Commercial Code. See Burnet v. Harmel, 287 U.S. 103, 110 (1932); Texas Learning Technology Group v. Commissioner, 96 T.C. 686, 693 (1991), affd. 958 F.2d 122 (5th Cir. 1992). As we noted earlier, the only way income tax liabilities can be settled or compromised is by following the procedures set forth in the Internal Revenue Code and the regulations thereunder. Since the parties' actions do not fulfill these requirements, no settlement was effectuated thereby. Failure To File
Petitioner contends that he is not liable for the additions to tax under section 6651(a)(1) for failing to timely file his income tax returns for each of the years in issue. Section 6651(a)(1) provides: In case of failure -- (1) to file any return * * * unless it is shown that such *741 failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month * * * not exceeding 25 percent in the aggregate * * * To be absolved of the liability, the taxpayer must show that his failure to file was due to reasonable cause and not due to willful neglect. Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. Illness or incapacity may constitute reasonable cause if the taxpayer establishes that he was so ill that he was unable to file. See Williams v. Commissioner, 16 T.C. 893 (1951). The taxpayer bears the burden of proving that this addition to tax does not apply. Rule 142(a); BJR Corp. v. Commissioner, 67 T.C. 111, 131 (1976). Petitioner admits that he did not file income tax returns for any of the years in issue, but argues that he had reasonable cause for not doing so. He claims that he was severely depressed during all of those years, and that his mental state was so extreme that he could not cope with *742 the negative reaction he had when contemplating such filing. However, the fact that petitioner worked as a mechanical designer for Hughes Aircraft on a full-time basis at a substantial salary during this time period refutes his contention. Consequently, we hold that petitioner has not shown that he had reasonable cause for not filing his income tax returns. Accordingly, we sustain respondent's determination on this issue. Negligence
Next, petitioner contends that he is not liable for the additions to tax under section 6653(a)(1) and (2) for 1984 and 1985 and under section 6653(a)(1)(A) and (B) for 1986 and 1987. These sections provide that, if any portion of the underpayment of tax is due to negligence or intentional disregard of rules or regulations, an amount equal to 5 percent of the underpayment and 50 percent of the interest on the portion of the underpayment attributable to negligence is added to the tax. Negligence has been defined as the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Zmuda v. Commissioner, 731 F.2d 1417, 1422 (9th Cir. 1984), affg. 79 T.C. 714 (1982); *743 Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. in part, remanding in part 43 T.C. 168 (1964); Neely v. Commissioner, 85 T.C. 934, 947 (1985). Because an addition to tax under section 6653(a) is presumptively correct, the taxpayer bears the burden of establishing that respondent's determination was erroneous. Betson v. Commissioner, 802 F.2d 365, 372 (9th Cir. 1986), affg. in part, revg. in part T.C. Memo. 1984-264; Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972); Enoch v. Commissioner, 57 T.C. 781, 802-803 (1972). Petitioner again argues that his mental condition precluded him from acting prudently with regard to filing income tax returns and, therefore, we should absolve him of the addition to tax. Again, we disagree. His employment during the years in issue evidences far too much ability on his part to cope with the ordinary requirements of the business world for us to accept his reasoning. Furthermore, there is evidence in this record, such as *744 the small amount of the tax withheld from petitioner's wages and the allegations contained in the petition, that indicates that petitioner was a tax protestor and intentionally did not file his returns. For these reasons, we uphold respondent's determination on this issue. Estatimate Tax
Next, petitioner asks this Court to absolve him of the additions to tax under section 6654. Section 6654 imposes an addition to tax in the case of any underpayment of estimated tax by an individual. It is clear on this record that petitioner paid no estimated tax for the years in issue although he was required to do so. The imposition of an addition to tax under section 6654 is mandatory unless the taxpayer can show that one of the computational exceptions applies. Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Petitioner has failed to do so. Accordingly, we hold that petitioner is subject to the addition to tax under section 6654. Refund of Overpayment
Finally, petitioner claims that he is entitled to a refund of $ 100 for 1987. The parties agree that, due to concessions, petitioner's taxable income for 1987 is zero and that he had withholding *745 credits of $ 100 for that year. However, respondent maintains that petitioner is not entitled to have his withholding credits refunded to him because the period of limitations on such refund had expired at the time the notice of deficiency was issued. In general, section 6511(a) provides that a claim for refund of tax must be filed by a taxpayer within 3 years from the time the income tax return was filed or 2 years from the time the tax was paid, whichever period expires later. Moreover, if no return is filed, the claim must be filed within 2 years from the time the tax was paid. Sec. 6511(a). Since petitioner did not file any income tax return for 1987, the 2-year period applies in this case. All of the tax paid by petitioner for 1987 was withheld from his wages. Withheld taxes are deemed to have been paid by a taxpayer on the 15th day of the 4th month following the close of the taxable year. Sec. 6513(b); Stokes v. Commissioner, T.C. Memo. 1989-661; sec. 301.6513-1(a), Proced. & Admin. Regs. Therefore, petitioner's withheld taxes are deemed paid on April 15, 1988. Where a taxpayer fails to file a return and a notice of deficiency has been *746 issued, the taxpayer is entitled to a credit or refund of amounts paid within 2 years preceding the mailing of the notice. Secs. 6511(b)(2)(C), 6512(b)(2)(B) (nowsec. 6512(b)(3)(B)). Respondent issued the notice of deficiency with regard to petitioner's 1987 tax year on March 19, 1991, a date almost 3 years from the April 15, 1988 date on which his taxes are deemed paid. Because petitioner did not pay the taxes he is claiming within 2 years of the issuance of the notice of deficiency, he is not entitled to a refund or credit for such taxes. Allen v. Commissioner, 99 T.C.     (Oct. 6, 1992); Braman v. Commissioner, T.C. Memo. 1992-636. Because of concessions by both parties, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩