T.C. Memo. 2006-148

UNITED STATES TAX COURT

SYLVESTER H. CAIN, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20344-04.                    Filed July 19, 2006.

Sylvester H. Cain, pro se.

Charles M. Berlau, for respondent.

MEMORANDUM OPINION

THORNTON, Judge:  Respondent determined a $2,890 deficiency
in petitioner's 2001 Federal income tax and a $578 accuracy-
related penalty under section 6662.[1]  The only bona fide issue

_____

[1] Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year at issue.  All
monetary amounts have been rounded to the nearest dollar.

for decision is whether a penalty should be imposed on petitioner under section 6673.

## Background

The parties have stipulated some facts, which we incorporate herein. When he filed his petition, petitioner resided in Saint Marys, Kansas.

Until his retirement in 2001, petitioner was employed by the U.S. Department of Education. The parties have stipulated that during 2001 petitioner received the following payments: "pension/annuity payments" of $23,988 from the U.S. Office of Personnel Management; "medical payments" from Monumental Life Insurance Company of $2,009; and Social Security payments of $2,148.

On his 2001 Form 1040, U.S. Individual Income Tax Return, petitioner reported zero gross income and claimed a $2,278 refund. Attached to his Form 1040 was a Statement of Annuity Paid from the Office of Personnel Management, reporting $23,988 gross annuity payments to petitioner in 2001 and zero Federal income tax withheld. Also attached to petitioner's Form 1040 was Form 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, Etc., on which petitioner claimed $2,278 of Federal income tax withheld by the Office of Personnel Management, for which petitioner claimed a

refund. Attached to the Form 4852 was Form 8275, Disclosure Statement, in which petitioner claimed that the Office of Personnel Management had "improperly reported" annuities paid to him as gross income because this "remuneration" was not from any of the foreign sources listed in section 861 and the regulations thereunder.

By letter dated July 14, 2004, respondent's Appeals Office provided petitioner a document entitled "The Truth About Frivolous Tax Arguments", which contained, among other things, a discussion, with citations to relevant authority, of the frivolous nature of the contention that only foreign-source income under section 861 is taxable. This document also described penalties, including the section 6673 penalty, for pursuing frivolous tax arguments.

In the notice of deficiency, issued July 21, 2004, respondent determined that the $23,988 that petitioner had received from the Office of Personnel Management in 2001 represented taxable income under section 61. Respondent also determined that petitioner had $2,009 unreported self-employment income as shown on Form 1099-MISC, Miscellaneous Income, from Monumental Life Insurance Company and that petitioner's 2001 Social Security benefits were taxable in the amount of $965. Respondent determined that petitioner was liable for a section 6662 accuracy-related penalty of $578.

In his petition, petitioner contended without elaboration that respondent had erred in determining that he had gross and taxable income; that he was entitled to "personal exemptions, deductions and possibly business expenses"; and that the notice of deficiency was invalid because "the Internal Revenue Service failed to execute an involuntary return as required by the IR Code."

By Order dated November 28, 2005, the Court directed petitioner by December 28, 2005, to file a response to respondent's motion to compel production of documents, in which respondent requested documentary evidence to substantiate petitioner's claimed entitlement to deductions or exemptions. Petitioner having filed no response, on January 6, 2006, the Court granted respondent's motion to compel production of documents. On February 13, 2006, petitioner untimely filed his response to respondent's motion to compel production of documents. Petitioner's response was not fairly directed to the substance of respondent's request for production of documents but instead asserted that by failing to produce Form 23C, Assessment Certificate--Summary Record of Assessments (Form 23C), respondent was proceeding "illegally and prematurely to collection activities".

On February 3, 2006, this Court entered summary judgment for respondent in the case at docket No. 22706-04L, a collection case

involving petitioner's 2000 income taxes.  In its Order, the Court rejected as meritless petitioner's contention that respondent did not properly assess his 2000 tax liability because petitioner did not receive copies of Form 23C.  In its Order, the Court cautioned petitioner that if he raised similar frivolous arguments in this Court in the future, the Court might impose penalties of up to $25,000 pursuant to section 6673.

In his pretrial memorandum submitted to the Court and served on petitioner January 27, 2006, respondent indicated that a section 6673 penalty might be sought if petitioner continued to assert frivolous contentions.

On February 13, 2006, this case was called for trial in Kansas City, Missouri.  Petitioner appeared and renewed his frivolous contentions regarding section 861 and Form 23C.  Petitioner responded to questions from respondent's counsel confirming petitioner's employment and retirement in 2001 but otherwise declined to offer any evidence or testimony on the ground:  "I don't have an assessment".

## Discussion

Petitioner has stipulated the items of unreported income upon which the notice of deficiency is based.  Petitioner has raised no bona fide dispute as to the inclusion of these items in his taxable income.  As petitioner was advised by respondent during pretrial preparations, petitioner's contentions that only

foreign-source income is taxable have been repeatedly rejected as frivolous. See, e.g., Takaba v. Commissioner, 119 T.C. 285, 294-295 (2002); Williams v. Commissioner, 114 T.C. 136, 138-139 (2000). Petitioner's notion that the notice of deficiency is somehow defective because respondent has not provided him a Form 23C is misguided. Respondent may not assess petitioner's 2001 taxes, and hence would have no occasion to prepare any record of assessment such as Form 23C, until after the Tax Court's decision has become final in this proceeding to redetermine petitioner's deficiency. See sec. 6213(a). Even then, as we advised petitioner in our February 3, 2006, Order granting respondent's motion for summary judgment against petitioner in his collection case at docket No. 22706-04L, the Commissioner is not required to use Form 23C in making an assessment. See, e.g., Roberts v. Commissioner, 118 T.C. 365, 371 (2002), affd. 329 F.3d 1224 (11th Cir. 2003). All other arguments raised by petitioner are similarly groundless.

Petitioner had the burden of identifying and proving any deductions to which he might be entitled. See, e.g., Rockwell v. Commissioner, 512 F.2d 882 (9th Cir. 1975), affg. T.C. Memo. 1972-133. Petitioner failed to do so and has not shown that respondent's determination is in any way erroneous.[2]

---

[2] Petitioner has not challenged respondent's assertion of the accuracy-related penalty pursuant to sec. 6662. We deem
(continued...)

Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless. The various arguments that petitioner has made in this case have long been discredited and patently were asserted for purposes of delay. Petitioner has ignored warnings from respondent and this Court that his antics could result in the imposition of sanctions under section 6673. Petitioner has unreasonably protracted these proceedings and wasted the resources of respondent and this Court. Pursuant to section 6673, we require petitioner to pay to the United States a penalty of $1,000.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.

---

[2](...continued) petitioner to have conceded this issue. In any event, the stipulated facts satisfy respondent's burden of production with respect to this penalty. See sec. 7491(c).