T.C. Memo. 2013-165

UNITED STATES TAX COURT

LARRY DAVID CAROTHERS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10553-07L.                    Filed July 8, 2013.

R prepared a substitute for return for P's 2003 year, showing income tax due. In response to P's FOIA request, R gave him a transcript that showed no tax had been assessed. R later issued a notice of intent to levy, and P timely requested a hearing under I.R.C. sec. 6330. During the hearing P contended that no assessment had been made and raised various frivolous arguments. The IRS Office of Appeals obtained an up-to-date transcript of P's account to verify, pursuant to I.R.C. sec. 6330(c)(1), that the tax had been duly assessed and issued to P a final notice of determination that it would proceed with a levy. P appealed that determination to this Court, asserting that "no legal assessment is on record". R moved for summary judgment, for a penalty under I.R.C. sec. 6673, and for the levy to proceed under I.R.C. sec. 6330(e)(2). P opposed, contending that his 2003 liability had been settled in full by a "Demand for Set-off of Claim".

<u>Held</u>: The Office of Appeals did not abuse its discretion in consulting only a transcript of P's account to verify the assessment,

[*2] notwithstanding P's reliance on a prior transcript to dispute the fact of the assessment. P's contention about a "Demand for Set-off of Claim" lacks any basis in fact or in law. R's motion for summary judgment will be granted.

Held, further, P's use of frivolous arguments throughout the collection review proceedings is manifestly an attempt to delay collection without justification. R's motion to permit levy will be granted.

Held, further, R's motion for a penalty under I.R.C. sec. 6673 will be denied, and P will not be required to pay a penalty.

Larry David Carothers, for himself.

Gary C. Barton, for respondent.

MEMORANDUM OPINION

GUSTAFSON, Judge: This collection review case is before the Court on two motions filed by respondent, the Commissioner of the Internal Revenue Service ("IRS")--i.e., a "Motion to Permit Levy", and a "Motion for Summary Judgment and to Impose a Penalty under Section 6673",[1] both of which were filed on August 7, 2008. The issues for decision are: (1) whether the IRS Office of

---

[1]Except as otherwise noted, all section references are to the Internal Revenue Code (26 U.S.C.), and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** Appeals abused its discretion in determining to proceed with the collection action with respect to the unpaid 2003 income tax liability of petitioner Larry David Carothers; (2) whether the Commissioner has shown good cause to lift suspension of the levy pursuant to section 6330(e)(2); and (3) whether the Court should impose a penalty in an appropriate amount, pursuant to section 6673, on the ground that Mr. Carothers instituted these proceedings primarily for delay.

On December 9, 2008, we issued an opinion addressing those issues; but on December 10, 2008, the Commissioner filed a "Notice of Proceeding in Bankruptcy", notifying the Court that on November 13, 2008--i.e., after Mr. Carothers had filed his petition in this Court but before we issued our opinion--Mr. Carothers had filed a petition with the U.S. Bankruptcy Court for the Western District of Oklahoma under 11 U.S.C. chapter 13. On December 15, 2008, we therefore withdrew our opinion and ordered that all proceedings in this case were automatically stayed pursuant to section 362(a)(8) of the Bankruptcy Code (11 U.S.C.). More than four years passed. On April 19, 2013, the Commissioner advised the Court that Mr. Carothers's bankruptcy case had been dismissed on August 15, 2012, and had been closed on February 1, 2013. By order dated April 24, 2013, we therefore lifted the stay of proceedings in this case; and by order dated May 6, 2013, we directed that "each of the parties shall file a

[*4] status report (or other appropriate motion or filing) that shall include: an update on the status of the case; an indication of the extent, if any, to which the issues addressed in the Court's opinion issued in December 2008 have become moot; and the party's recommendation of a schedule for further proceedings in this case." The parties filed their reports, and it appears that none of the issues we previously addressed has become moot.

Therefore, as explained below, we will (a) grant summary judgment in the Commissioner's favor, sustaining the determination to proceed with the levy action, (b) permit the Commissioner to proceed with the levy notwithstanding the pendency of Mr. Carothers's appeal, and (c) impose on Mr. Carothers no penalty under section 6673.

## Background

There is no dispute as to the following facts:

For the year 2003, Mr. Carothers did not timely file a Federal income tax return. As a result, on April 8, 2005, the IRS prepared a substitute for return for that year showing a tax due of $19,222.80. Shortly thereafter, on April 15, 2005, Mr. Carothers made a Freedom of Information Act ("FOIA") request under 5 U.S.C. sec. 552 (2012), in which he asked the IRS for information about his 2003 liability. The IRS responded to his FOIA request with a letter dated May 18,

[*5] 2005, advising Mr. Carothers that "no assessments [had] been made to date at the Ogden Campus" and including a transcript for his tax account for the 2003 year, which showed that, as of May 6, 2005, no liability had been assessed against him.

On June 7, 2005, the IRS issued to Mr. Carothers a statutory notice of deficiency with respect to 2003, pursuant to section 6212(a), which Mr. Carothers admits he received. Mr. Carothers did not file a petition with the Court with respect to that notice. Consequently, an IRS transcript shows that on October 24, 2005, the IRS entered assessments against Mr. Carothers for income tax, additions to tax, and statutory interest, and issued to him a notice of balance due with respect to his unpaid 2003 liability. Mr. Carothers failed to remit the amount due.

On May 29, 2006, the IRS issued to Mr. Carothers a "Final Notice of Intent to Levy and Notice of Your Right to a Hearing", informing him that the IRS intended to levy to collect his unpaid tax for 2003 and informing him of his right, under section 6330(b) and (c), to a collection due process hearing (CDP hearing). Mr. Carothers timely requested a CDP hearing by submitting to the IRS, on June 26, 2006, a Form 12153, Request for a Collection Due Process or Equivalent Hearing. On Mr. Carothers's Form 12153, he indicated his disagreement with the notice of intent to levy and challenged the validity of the assessment. On January

**[*6]** 23, 2007, the IRS Office of Appeals sent Mr. Carothers a letter that explained the CDP hearing process, scheduled his telephone CDP hearing for February 28, 2007, and warned him about the penalty for making frivolous arguments.[2] During the CDP hearing process, Mr. Carothers submitted a letter dated February 5, 2007, in which he requested that his CDP hearing be "held by correspondence" and argued, among other things,[3] that "[t]he IRS's own documentation admitted there was no legal assessment reference signed, dated, on IRS letterhead Disclosure Officer Letters". On March 23, 2007, Mr. Carothers sent the IRS a letter stating

---

[2]Mr. Carothers had included with his Form 12153 certain documents that contained frivolous contentions (e.g., Form 1040, U.S. Individual Income Tax Return, "**IS A BOOTLEG AND OUTLAW FORM**"; the IRS failed to establish that it "is an agency of the Federal government united States of America or Federal government united States" (sic); the IRS failed to show that it "has jurisdiction in any of the sovereign states of the Union"; etc.). We will not address these arguments "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); see also Wnuck v. Commissioner, 136 T.C. 498 (2011). In its letter dated January 23, 2007, the Appeals Office advised Mr. Carothers that "[t]he issues you raise in your CDP Request are those that Courts have determined are frivolous or Appeals does not consider." (Underlining and italics omitted.) Mr. Carothers did not repeat these contentions in his response to the Commissioner's motion for summary judgment, and we deem these contentions to have been abandoned.

[3]The other arguments in Mr. Carothers' letter dated February 5, 2007 (e.g., that sec. 7851 renders him not liable), were not raised in his response to the motion for summary judgment, lack any visible merit, and are deemed to have been abandoned.

**[*7]** that "I have as of today, March 23, 2007 went down to the local IRS office in Oklahoma City, Oklahoma and submitted a 1040 for Year 2003 * * *.  This should now conclude our communication on this matter."

On April 3, 2007, the Office of Appeals issued to Mr. Carothers a notice of determination sustaining the proposed levy.  An attachment to the notice states that the hearing officer verified that "all appropriate requirements of law and administrative procedures for the proposed collection action have been met".  To that effect, the hearing record included a TXMODA[4] transcript dated December 15, 2006.  The transcript showed a "T/C 300"[5] entry dated October 24, 2005, which confirmed the assessment of tax, and an "MF-STS 21"[6] entry dated October

---

[4]A TXMODA transcript contains current account information obtained from the IRS's master file.  "TXMODA" is the command code that is entered into the IRS's integrated data retrieval system (IDRS) to obtain the transcript.  IDRS is essentially the interface between the IRS's employees and its various computer systems.  See Crow v. Commissioner, T.C. Memo. 2002-149, 83 T.C.M. (CCH) 1853, 1857 n.6 (2002).

[5]"T/C 300" is the code indicating that there was an additional tax assessment made by the Examination Division.  See Transaction Pocket Guide, IRS Document 10978 (Rev. 12-99); Internal Revenue Manual (IRM) pt. 5.1.19.3 (Feb. 15, 2005).

[6]"MF-STS 21" indicates that the IRS issued a master file settlement notice (also known as the first notice), mandated by law.  See IRM Exh. 5.19.1-2; see also Schupp v. United States, 71 A.F.T.R. 2d (RIA) 93-917, at 93-917, 93-1 USTC par. 50,215, at 87,815 (E.D. Tex. 1993) ("MF STAT-21 is an IMF computer status

(continued...)

**[*8]** 24, 2005, which confirmed the issuance of a notice and demand for payment. The attachment to the notice of determination reported that the Appeals Office had determined that the levy was appropriate because "[t]he proposed levy is not more intrusive than necessary, because you did not cooperate with Collections regarding the unpaid tax; and have not submitted any information necessary to consider any collection alternatives to the proposed levy." The attachment also warned Mr. Carothers about the penalty for making frivolous arguments in the Tax Court.

Mr. Carothers timely mailed to this Court, on May 1, 2007, a petition appealing the IRS's determination to proceed with a levy. At that time Mr. Carothers resided in Oklahoma. In his petition, Mr. Carothers requested that the IRS "[s]top collection process" because "IRS documents [furnished] to me inform me that no legal assessment is on record".[7]

---

[6](...continued)
code indicating that a notice and demand was prepared and sent"), aff'd without published opinion, 58 F.3d 636 (5th Cir. 1995).

[7]The petition argued, in particular, that there is no legal assessment in the absence of the IRS's producing the Form 23-C, Assessment Certificate--Summary Record of Assessments, reflecting the making of the assessment. This position is frivolous, see, e.g., Cain v. Commissioner, T.C. Memo. 2006-148, 92 T.C.M. (CCH) 27, 28 (2007); Rev. Rul. 2007-21, 2007-1 C.B. 865; and on the contrary, an Appeals officer does not abuse his discretion when, to obtain the verification required by sec. 6330(c)(1), he relies on an IRS transcript, rather than producing or relying upon a Form 23C. Nestor v. Commissioner, 118 T.C. 162, 166-167

(continued...)

**[\*9]**   On August 7, 2008, the Commissioner moved for summary judgment and to impose penalties under section 6673, arguing that all of Mr. Carothers's arguments had been frivolous and/or groundless, and that there is no genuine issue of any material fact for trial, so adjudication can occur as a matter of law.  The Commissioner also filed a "Motion to Permit Levy".

On September 11, 2008, Mr. Carothers filed a virtually identical response to each of the Commissioner's two motions.  In those responses Mr. Carothers made various statements to the effect that he has resolved his 2003 tax dispute by a "settlement in full", accomplished (he alleges) by a mailing he made to "Henry Paulsen, Secretary of the US Treasury; and additional recipients Internal Revenue Service Criminal Investigation Division and J. Russell George, Treasury Inspector General for Tax Administration (TIGTA)".  Mr. Carothers seems to contend that he has mailed something to the Secretary of the Treasury called a "Demand for

---

[7](...continued)
(2002); see also March v. IRS, 335 F.3d 1186, 1188 (10th Cir. 2003) (holding that the computer-generated certificate of assessment satisfied the regulatory requirements); Cox v. Commissioner, 126 T.C. 237, 255 (2006) (holding the verification requirement to be met "where the Appeals officer had secured formal or informal transcripts showing both that the subject taxes were properly assessed and that the taxpayer had been notified of those assessments through issuance of notices of balance due"), rev'd on other grounds, 514 F.3d 1119 (10th Cir. 2008). We deem that Mr. Carothers has abandoned this frivolous argument, because it was not asserted in his response to the Commissioner's motion for summary judgment.

**[*10]** Set-off of Claim", and/or a "Private Bond for Set-Off", and/or an "Indemnity Bond". Mr. Carothers apparently maintains that his mailing has been "excepted" (probably meaning "accepted") by the Secretary of the Treasury because there was "no return or refusal by any party mentioned above, making this matter resolved." Mr. Carothers did not submit with his responses any copy of any "Demand" or "Bond", nor any other affidavits or exhibits. The authorities he cited are sections 8-501 through -511 of the Uniform Commercial Code and section 6863 of the Internal Revenue Code.

After proceedings in this case were reinstituted in April 2013, the Commissioner filed a status report indicating that none of the issues has become moot and confirming that he still seeks the relief requested in his motions. Mr. Carothers filed a status report alleging summarily that he is currently in "financial distress" (for which allegation he provided no evidence) but stating that he has "learned from previous ill-advised decisions several years ago" and acknowledging his duty to file tax returns.

**[*11]** <u>Discussion</u>

I.  <u>The Commissioner's motion for summary judgment</u>

    A.  <u>Summary judgment standards</u>

Where the pertinent facts are not in dispute, a party may move for summary judgment to expedite the litigation and avoid an unnecessary (and potentially expensive) trial. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). Summary judgment may be granted where there is no genuine dispute as to any material fact, and a decision may be rendered as a matter of law. Rule 121(a) and (b); <u>see</u> <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994); <u>Zaentz v. Commissioner</u>, 90 T.C. 753, 754 (1988). The party moving for summary judgment (here, the Commissioner) bears the burden of showing that there is no genuine dispute as to any material fact, and factual inferences will be drawn in the manner most favorable to the party opposing summary judgment (here, Mr. Carothers). <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982). This case can be resolved on the basis of the undisputed facts.

    B.  <u>Collection review procedure</u>

Section 6330 generally provides that taxpayers are entitled to administrative and judicial review before the Commissioner may collect unpaid tax by way of a

**[\*12]** levy on the taxpayer's property. Administrative review is carried out by way of an Appeals Office hearing and, if the taxpayer is dissatisfied with the outcome there, an appeal of that determination to the Tax Court. Sec. 6330(b), (d).

The pertinent procedures for the administrative CDP hearing are set forth in section 6330(c). First, the Appeals officer must obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(c)(1).[8] Second, the taxpayer may raise any issue relevant to the unpaid tax or proposed collection action at the hearing, including challenges to the appropriateness of the collection action and offers of collection alternatives. Sec. 6330(c)(2)(A). Additionally, the taxpayer may contest the existence and amount of the underlying tax liability, but only if he did not receive

---

[8]In the case of a levy to collect an income tax liability, the basic requirements, see sec. 6331(a), (d), for which the Appeals officer obtains verification are: the issuance of a notice of deficiency, see sec. 6212(a); the IRS's timely assessment of the liability, secs. 6201(a)(1), 6501(a); the giving to the taxpayer of notice and demand for payment of the liability, sec. 6303; and the giving to the taxpayer of notice of intent to levy and of the taxpayer's right to a hearing, secs. 6330(a), 6331(d).

**[\*13]** a notice of deficiency or otherwise have an opportunity to dispute the tax liability.[9]  Sec. 6330(c)(2)(B).

### C.     The Commissioner's entitlement to summary judgment

The Commissioner has moved for summary judgment, showing that Appeals complied with the requirements of section 6330 and that Mr. Carothers has not raised any non-frivolous reason why the IRS should not be allowed to proceed to collect his 2003 tax liability.  The Commissioner's motion is well founded.  Because most of Mr. Carothers's contentions are patently frivolous and have been abandoned, we discuss only two of his contentions here:

### 1.     The making of the assessment

In his petition commencing this case, Mr. Carothers asserted "that no legal assessment is on record."[10]  This could be a colorable argument if it were factually

---

[9]Mr. Carothers admits he received a notice of deficiency regarding his 2003 income tax liability, but he did not petition the Court with respect to that notice. He therefore had the opportunity to challenge the validity of the underlying tax liability, but declined to do so, and accordingly is barred under sec. 6330(c)(2)(B) from challenging in this proceeding the existence or amount of his underlying tax liability for tax year 2003.  See Goza v. Commissioner, 114 T.C. 176 (2000).

[10]In his response to the motion for summary judgment, Mr. Carothers did not repeat his dispute as to the making of the assessment.  However, the verification of compliance with the statutory requirements as to the assessment is an issue in every case under sec. 6330 by virtue of the express provisions of sec. 6330(c)(1) and (3)(A).  Clough v. Commissioner, T.C. Memo. 2007-106,

(continued...)

[*14] well founded.  Section 6330(c)(1) mandates that "[t]he appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met."  In the case of a levy to collect an income tax liability, the requirements to be verified include the IRS's timely assessment of the liability.  Secs. 6201(a)(1), 6501(a).

Putting aside his frivolous contentions about what the Commissioner must show to establish the existence of an assessment, see note 7 above, what Mr. Carothers has shown is that he received an IRS letter and transcript indicating that, as of the date of the letter, there was no assessment against him for 2003.  However, he is unable to support his contention that no assessment has ever been made.

The IRS documents that had been furnished to Mr. Carothers, which he believed showed "that no legal assessment is on record", were the letter and transcript furnished in May 2005 in response to his FOIA request, giving information that was current as of that time--i.e., as of May 2005.  However, that information is irrelevant.  The IRS did not issue its notice of deficiency (pursuant to section 6212) until June 2005; and the assessment was in fact not made until

---

[10](...continued)
93 T.C.M. (CCH) 1170, 1174 (2007).

[*15] October 24, 2005.[11]  A statement by the IRS "that no legal assessment is on record" as of May 2005 is irrelevant for the purpose of showing whether an assessment was later made on October 24, 2005.  The transcript generated after that later date does indeed show an assessment, and the zero balances on the earlier transcript do not constitute any irregularity[12] or anomaly that might call that later transcript into question and might prompt a need for extraordinary verification.

### 2. Mr. Carothers's alleged "bond" or "demand"

In the virtually identical responses that Mr. Carothers filed on September 11, 2008, to the Commissioner's two motions, Mr. Carothers argues that he has resolved his 2003 tax dispute by submitting to the Secretary of the

---

[11]This passage of time between the issuance of the statutory notice and the making of the assessment is accounted for by the fact that the agency was barred by sec. 6213 from making any assessment until September 2005 at the earliest.

[12]Cf. Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002) (citing Davis v. Commissioner, 115 T.C. 35, 40-41 (2000)  ("Petitioner has not demonstrated any irregularity in the assessment procedure that would raise a question about the validity of the assessments" (emphasis added))), aff'd, 329 F.3d 1224 (11th Cir. 2003); Nestor v. Commissioner, 118 T.C. at 167; Chief Counsel Notice CC-2006-019 (an Appeals officer "may rely on a Form 4340 to verify the validity of an assessment, unless the taxpayer can identify an irregularity in the assessment procedure" (emphasis added); where it is alleged that a notice of deficiency was not mailed, the Appeals officer may be required "to examine underlying documents in addition to the tax transcripts, such as the taxpayer's return, a copy of the notice of deficiency, and the certified mailing list").

**[\*16]** Treasury and others a "Demand for Set-off of Claim", and/or a "Private Bond for Set-Off", and/or an "Indemnity Bond". However, Mr. Carothers failed to provide any explanation or substantiation of this claim.

Rule 121(d) provides that where the moving party (here, the Commissioner) properly makes and supports a motion for summary judgment, "an adverse party [here, Mr. Carothers] may not rest upon the mere allegations or denials of such party's pleading, but such party's response, by affidavits or declarations or as otherwise provided in this Rule [i.e., "interrogatories, depositions, further affidavits or declarations, or other acceptable materials"], must set forth specific facts showing that there is a genuine dispute for trial." Rule 1002 of the Federal Rules of Evidence provides that "[a]n original writing * * * is required in order to prove its content". However, Mr. Carothers did not submit with his responses to the Commissioner's motions any copy of any "Demand" or "Bond", nor even any affidavit or other exhibit illuminating his contention. Instead, Mr. Carothers's response begins and ends with his terse and cryptic description of his alleged submission. Such unexplained and unsupported allegations are simply not enough to withstand a motion for summary judgment. See Rule 121(d).

Moreover, to make this argument, Mr. Carothers cites two authorities, neither of which has any connection here: First, Mr. Carothers apparently argues

[*17] that his submission of a "Private Bond for Set Off" constitutes an accord and satisfaction under the "Uniform Commercial Code (U.C.C.) doctrine, U.C.C. 8-501 thru 511" because there was "no return or refusal [of the demand for setoff] by any party mentioned above, making this matter resolved." However, those sections of the U.C.C. (as enacted in Okla. Stat. Ann. tit. 12A, art. 8, pt. 5 (West 2001)) do not contain any of the terms "demand", "set-off", "indemnity", or "bond". Moreover, the U.C.C. has no bearing on this question of Federal tax law. See Bear v. Commissioner, T.C. Memo. 1992-690, 64 T.C.M. (CCH) 1430, 1432 (1992) (citing Burnet v. Harmel, 287 U.S. 103, 110 (1932)), aff'd without published opinion, 19 F.3d 26 (9th Cir. 1994). No settlement was effected by this supposed "Private Bond for Set Off".

Second, Mr. Carothers's reliance on section 6863 is likewise misplaced. Section 6863 (entitled "Stay of Collection of Jeopardy Assessments") does include the word "bond", but its relation to Mr. Carothers's argument ends there. Section 6863(a) provides for a "Bond to Stay Collection" in the case of termination assessments and jeopardy assessments "under section 6851, 6852, 6861 or 6862".[13] Section 6863 allows a taxpayer to file a bond to stop the IRS from

[13]These sections cross-referenced in sec. 6863 relate to "Termination Assessments of Income Tax", sec. 6851, "Termination Assessments in Case of

(continued...)

**[*18]** collection activity while the taxpayer is litigating the validity of the underlying assessment and seizure. The assessment in Mr. Carothers's case is not a jeopardy assessment but is instead a garden-variety assessment of an income tax deficiency under section 6213. Section 6863 is thus irrelevant in Mr. Carothers's case.

We conclude that there is no genuine issue of material fact requiring a trial, and we hold that the Commissioner is entitled to the entry of a decision sustaining the determination and proposed levy as a matter of law.

II.     The Commissioner's "Motion to Permit Levy"

Section 6330(e)(1) sets forth the general rule that, when an administrative hearing is requested to review a proposed levy, "the levy actions * * * shall be suspended" during the administrative hearing and during any judicial appeal. However, section 6330(e)(2), entitled "Levy upon appeal", provides an exception to this general rule, which exception the Commissioner may invoke if two conditions are met:

---

[13](...continued)
Flagrant Political Expenditures of Section 501(c)(3) Organizations", sec. 6852, "Jeopardy Assessments of Income, Estate, Gift, and Certain Excise Taxes", sec. 6861, and "Jeopardy Assessment of Taxes Other Than Income, Estate, Gift, and Certain Excise Taxes", sec. 6862.

**[*19]** Paragraph (1) shall not apply to a levy action while an appeal is pending if [A] the underlying tax liability is not at issue in the appeal and [B] the court determines that the Secretary has shown good cause not to suspend the levy.

As discussed in note 9 above, Mr. Carothers is barred under section 6330(c)(2)(B) from challenging the existence or amount of his underlying tax liability for 2003 in this proceeding. Accordingly, the first condition that the Commissioner must meet to proceed with the levy under section 6330(e)(2) ("the underlying tax liability is not at issue") is satisfied.

As to the second condition (whether the Commissioner "has shown good cause not to suspend the levy"), section 6330 does not include a definition of the term "good cause". We have previously held that "respondent may show good cause that a levy should not be suspended where * * * the taxpayer has used the collection review procedure to espouse frivolous and groundless arguments and otherwise needlessly delay collection." Burke v. Commissioner, 124 T.C. 189, 196-197 (2005).

Mr. Carothers's use of frivolous and groundless arguments throughout the collection review proceedings, see notes 2, 3, and 7 above, is manifestly an attempt to delay collection without justification. Accordingly, we will grant the Commissioner's "Motion to Permit Levy".

**[*20]** III.    Section 6673 penalty

Section 6673(a) authorizes the Tax Court to impose a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless.  The statute grants the Court discretion in deciding whether to impose the penalty.  See Neonatology Assocs. P.A. v. Commissioner, 115 T.C. 43, 102 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).  The Commissioner proposes that we impose such a penalty on Mr. Carothers.

The "Bond" or "Demand" argument that Mr. Carothers asserted to oppose the Commissioner's motions is certainly frivolous, and it was articulated with so little elaboration and so little support of any kind that it seems he must have known that it had no prospect of success.  However, it can be said in favor of Mr. Carothers that his "Bond" or Demand" argument was first asserted in response to the Commissioner's motion for summary judgment, so that the Commissioner was not ever put to the trouble of answering it.  His case will be resolved without requiring any trial or hearing.  He abandoned the other frivolous arguments he had asserted at the agency-level hearing, see notes 2 and 3 above, and in his petition, see note 7 above.  And it is possible that he was genuinely confused by the May 2005 transcript and that he believed (albeit wrongly) that the transcript

**[*21]** indicated that no liability had been properly assessed against him for 2003. Moreover, Mr. Carothers now admits his frivolous positions were "ill-advised", and he undertakes to file tax returns in compliance with the law.

We will therefore impose no penalty, but we warn Mr. Carothers that, if he were to engage in frivolous or dilatory litigation in the future, he should not expect leniency from this Court.

To reflect the foregoing,

An appropriate order and

decision will be entered.